ELISHA G. FERGUSON *vs.* AUGUSTUS W. BROOKS *et ux.*

York. Decided August 4, 1877.

*Husband and wife. Married woman.*

Where an action is against husband and wife for a tort committed by the wife, the liability of the husband necessarily follows from the existence of the marital relation, and when, by the pleadings, this is not disputed, a verdict that the wife is guilty disposes of the whole issue raised by a joint plea of not guilty.

The presumption, that in case of tort committed by the wife in the presence of the husband the wife acts under coercion, is not conclusive; and when it is repelled, the wife is responsible for wrongs done by her in his company.

The ancient doctrine of the common law, that a married woman cannot be a trespasser by prior or subsequent assent, is so far modified by our statutes giving them the power to manage and control their own property, that as to all acts done in their name and behalf for the enforcement of their supposed rights in such property, they are responsible, like other parties not under disability, for what they authorize or ratify.

ON EXCEPTIONS AND MOTION.

TRESPASS against husband and wife, that the said Mary J. Brooks, on the fifteenth day of November, 1872, at said Elliot, with force and arms took and carried away the two cows of the plaintiff then and there found, and being of great value, to wit, of the value of seventy-five dollars each, and for a long time, to wit, for the space of five days, detained the said cows, without any reasonably suit-

able care, shelter and food, and drove the same violently for a great distance, to wit, for the distance of five miles, whereby they were greatly damaged, to wit, to the sum of seventy-five dollars.

Also for that the said Mary J. Brooks, on the fifteenth day of November, A. D. 1872, at said Eliot, by herself, her servants, agents and employees, with force and arms, took and carried away and unlawfully impounded the two cows of the plaintiff, of great value, to wit, of the value of one hundred and fifty dollars, and for the space of five days unlawfully detained said cows, without any sufficient or proper shelter, care, attendance or food, and violently drove said cows for the distance of five miles, and prevented the said cows from coming to the possession or care of the plaintiff for said five days, whereby said cows were greatly injured, &c., &c. To the damage of the said plaintiff, as he says, the sum of two hundred dollars.

Plea. And now the said defendants come and defend, &c., when, &c., and say they are not guilty in manner and form as the plaintiff has declared against them, and of this they put themselves upon the country. By Burbank & Derby, their attorneys.

And the plaintiff doth the like. By G. C. Yeaton, his attorney.

The evidence was in substance as follows :

It was admitted that the wife owned the place.

The plaintiff testified that he saw both defendants driving the cows into the barn, Friday, and that he next saw the cattle Saturday evening, a mile away at the town pound.

Levi A. Shapleigh testified that he was pound keeper, that he gave no bond and had lost his record, that Mr. Webber turned the cattle in, that witness locked the pound and kept the key ; that he received with them a written paper signed by the two defendants, giving a description of the animals, and stating they were taken from the inclosure of Augustus W. Brooks and Mary Jane Brooks; that Sunday night they were still there unfed; that they got out, he did not know how ; he saw them out Monday.

Mary J. Brooks testified that she had nothing to do with the cattle, that she was present when her husband drove them into the barn, but did not assist ; did not sign the certificate nor authorize its signing, tried to prevent their being impounded ;

advised her husband to drive them home, instead of to the pound, that in what she did, she was not in any way coerced by her husband.

Augustus W. Brooks testified that he drove the cows to pound against the wishes of his wife, and that he interlined her name without her consent.

The presiding justice instructed the jury in part, as follows: There is another mode by which an agent's act, done for a party without any previous authority, may be adopted by the principal and thus do what the law calls ratify it. For instance, a person does some act for your benefit, and for you in your behalf; he comes and tells you what he has done, and you from that moment may adopt it and ratify it, and say you did right and I will pay you, or not, (just as you see fit) at any rate you may adopt his act as your act, and then it would govern you, and you would be responsible, and liable therefor just as much as if you had in the first instance authorized him to go and do that act. But before there can be a ratification of that kind the act itself, done by the agent, must have been done for you when he did it.

Verdict. The jury find that the defendant, Mary J. Brooks, is guilty in manner and form as the plaintiff has declared against her, and assess damages for the plaintiff in the sum of thirty dollars.

To the foregoing instruction, the defendants alleged exceptions. They also filed a motion to set aside the verdict as against law and evidence.

*H. H. Burbank & J. S. Derby,* for the defendants.

First, as to the exceptions.

The ruling complained of is, substantially, that a married woman may adopt and ratify the prior, tortious act of the husband so as to render her liable in trespass.

I. The position of the *feme-covert* as to torts is defined and governed by the common law. *Ballard* v. *Russell,* 33 Maine, 196. *Laughlin* v. *Eaton,* 54 Maine, 156.

At common law the husband is liable for torts of the wife; if committed in his company or by his order he is alone liable; if

not they are jointly liable. *Ball* v. *Bennett*, 21 Ind. 427. *Brazil* v. *Moran*, 8 Minn. 236. *Marshall* v. *Oakes*, 51 Maine, 308. *State* v. *Cleaves*, 59 Maine, 298. *Commonwealth* v. *Eagan*, 103 Mass. 71. *Commonwealth* v. *Burk*, 11 Gray, 437. *Carleton* v. *Haywood*, 49 N. H. 314. *Park* v. *Hopkins*, 2 Bailey, 411. *Kowing* v. *Manly*, 49 N. Y. 192. *Commonwealth* v. *Munsey*, 112 Mass. 287.

*A fortiori,* she cannot be held liable for torts committed by him in her absence "without any previous authority."

She cannot even be liable for the husband's fraud, committed in an exchange of her property, and of which she reaps the benefit. *Birdseye* v. *Flint*, 3 Barb. 500. 2 Hilliard on Torts, 513.

II. At common law a married woman "cannot be a trespasser by prior or subsequent assent." 1 Chitty's Pleading, 12th Am. Ed., 76, 80. Bacon's Ab., Title, Infancy, H. Co. Lit., 180, b, note (4); 357, a.

Second, as to the motion.

This action is trespass for unlawfully impounding two cows. The plaintiff declares against Augustus and his wife Mary Jane Brooks, alleging trespass by her; and the verdict against the latter only.

I. The verdict was against the law of the case.

The verdict should respond to the issue presented, otherwise it is bad. This being an action for the tort of the wife, and necessarily brought against husband and wife, the verdict must abide by that necessity. *Brown* v. *Chase*, 4 Mass. 436. *Commonwealth* v. *Wood*, 12 Mass. 313. *Whitmore* v. *Delano*, 6 N. H. 543.

II. The verdict was manifestly against the evidence and the weight of evidence in the case.

Mary Jane Brooks committed no act of trespass. Even the evidence of plaintiff, carefully analyzed and compared, shows no such act. Her evidence proves the negative.

*G. C. Yeaton,* for the plaintiff, replied orally.

BARROWS, J. The defendants contend that the verdict is against law, fatally defective, and that no judgment can be rendered upon

it because, although the jury have found that the wife, Mary J. Brooks, is guilty of the trespass alleged, they have not found the husband, Augustus W. Brooks, guilty also.

But the plaintiff did not allege the commission of any trespass by Augustus W. Brooks. The suit is not for a tort alleged to have been committed jointly by the husband and wife, but it is charged in the first count as committed by the wife, and in the second, by her and her servants, agents and employees.

Where a suit is thus brought against husband and wife for a tort committed by the wife, the liability of the husband necessarily follows from the existence of the marital relation, and a verdict that the wife is guilty disposes of the whole issue raised by a joint plea of not guilty.

The only question open for the jury to pass upon under such a plea is whether the wife committed the trespass. If she did, the law makes the husband responsible with her; and the jury have no occasion to find him guilty of a wrong which he did not commit, although he is bound to answer for it.

Where, as here, the writ describes the defendants as husband and wife, and the cause of action alleged is a tort of the wife, such a relation between the parties defendant as will make the man responsible for the torts of the woman must be regarded as admitted by the pleadings unless specially denied. It is not an open question under the general issue. In an ancient case, the plea of "Gray and Norton sued by the names of Gray and wife at suit of Kether," as given in Wentworth's Pleadings, vol. 1, p. 6, is a plea in abatement; while a denial of the marriage of parties joining as plaintiffs in that alleged relation seems to be pleadable in bar with a protestation that the defendant's wife is not guilty of the trespass charged. Went. Plead. vol. 1, p. 42.

In Oliver's edition of Story's Pleadings, p. 96, in the notes to the plea of no marriage, (which, as in Wentworth, is given among the pleas in abatement) while it is doubted whether in ordinary personal actions the plea is good, it is said that "if persons are sued as baron and feme who are not so *de facto* they may plead not covert."

In a case given in the Instructor Clericalis, vol. 6, p. 649, where

to a count against baron and feme for alleged trespass of the wife, the defendants pleaded not guilty as to part and a justification as to the remainder, judgment was given for the plaintiff because, among other things, the plea was bad for the reason that "by the declaration the wife only is charged to be the trespasser, and yet to all the trespasses, *præter*, &c. they have both pleaded *quod ipsi non sunt culpabiles.*"

Hence we see that the proper general issue in a suit like this is that the wife is not guilty, for she only is charged with the commission of the trespass; and if the wife is guilty, the husband is liable though not in any manner participating in the wrong-doing. This is so even though he is permanently living apart from the wife if the relation of husband and wife continues and it does not appear that the wife was living in adultery. *Head* v. *Briscoe*, 5 Car. & P. 484, E. C. L. R. vol. 24, p. 667.

Yet the husband must join in making this plea that the wife is not guilty because of the disability of the wife to plead alone. In *Tampiam* v. *Newsam et ux.* Yelv. 210, which was assumpsit, while it was held that husband and wife ought to join in the plea, it is said that "the record ought to be *quam prædicti Jo. et Bridgetta dicunt quod ipsa Bridgetta non assumpsit;* and further, that in a case against husband and wife for words spoken by the wife where the husband did not join in the plea, but the wife only pleaded not guilty, the plaintiff though he had a verdict could not have judgment but a repleader was awarded.

This is not a suit against husband and wife for a joint trespass, like *Vine* v. *Saunders et ux.* 4 Bing. N. C. 96, E. C. L. R. vol. 33, 615. There is no similarity between the case at bar and *Thacher* v. *Jones*, 31 Maine, 528.

But even in cases where husband and wife are sued for their joint act, a verdict of not guilty as to the husband will not relieve him from a judgment against him if the wife is found guilty. It is true that in one ancient case, *Drury* v. *Dennis*, Yelv. 106, it was held that, if in trespass for a tort committed by husband and wife the jury find the wife guilty, and give no verdict as to the husband or find him not guilty no judgment can be rendered. But the case never was followed and was very soon directly overruled in numerous cases.

An anonymous case is thus reported in Vent. 93. "In an action of battery against baron and feme the jury found the feme only guilty and not the baron. It was moved in arrest of judgment that this verdict was against the plaintiff; for he ought in this case to have joined the baron only for conformity, and he declaring of a battery by both, the baron being acquitted, he hath failed of his action, and so is Yelverton 106, in *Drury* v. *Dennis* case. But here the court gave judgment for the plaintiff and said that that in Yelverton was a strange opinion."

Judge Metcalf in a note to the case of *Drury & Dennis's*, in his edition of Yelverton remarks that, "when husband and wife are sued for a joint tort, the jury may find one guilty and the other not guilty and the verdict will be good as in other cases of several trespasses. But judgment is rendered against both if the wife only is found guilty, as in cases where both are sued for a tort committed by her alone ; and both may be taken in execution."

And he cites *Hales* v. *White*, Cro. Jac. 203. *Mayo* v. *Cogshill*, Cro. Car. 406, and numerous other ancient cases which fully support the doctrine of his note.

The result of our examination in the case at bar is that as the coverture at the time of the alleged trespass was not in controversy under the pleadings, the verdict rendered that the defendant, Mary J. Brooks, is guilty, if sustained is sufficient to entitle the plaintiff to judgment against the husband as well as the wife.

If existing statutes have so changed the rule of the common law touching the interest of the husband in the property of the wife that there seems to be a hardship in holding him responsible for her torts, it is for the legislature to furnish such remedy as they think appropriate.

This has been done in Massachusetts by Stat. of 1871, c. 312.

Should the verdict be set aside as against the evidence ?

The field into which the plaintiff's cows had strayed through a gap in that part of the fence which belonged to the defendants to repair, was owned by the wife ; and the testimony on which the plaintiff relies tends to show that she and her husband together drove them into her barn where they were detained nearly twenty-four hours, the husband being a part of the time absent from

home, and that they were thence driven by the husband and a field-driver, and committed to the custody of a relative of the defendants, (who was acting as pound-keeper but had given no bond as such) by whom they were further detained to their serious injury.

There is testimony tending to show that the impounding certificate was subscribed with the name of the wife as well as that of the husband. All the acts shown to have been done by the wife appear to have been done in the presence, and to say the least of it, with the aid and countenance of the husband. She, herself, while positively denying that she assisted in driving the cows into her barn, or that she subscribed or authorized the subscription of her name to the impounding certificate, testifies that in whatever she did, she was not in any way coerced by her husband.

Aside from this, the case is barren of testimony to do away with the legal presumption that a tort committed by the wife in the presence of her husband is to be regarded as done by her under coercion and in obedience to his commands.

To find her guilty the jury must have accepted her disavowal of coercion while they rejected her denial of participation in or ratification of the acts of her husband in the premises. As presented by the report of the evidence the case approaches very closely the conditions which would require us to sustain the motion to set aside the verdict as against evidence. But it may be that the jury drew correct inferences from the demeanor of the witnesses whom they saw and heard; and, upon the whole, we are not entirely satisfied that justice would be promoted by sending the case to a new trial. The parties must abide by the conclusion to which the jury came unless the exceptions ought to be sustained.

There seems to be no question that the law respecting the wife's liability for acts done in the presence of her husband was correctly given, as settled in this state in the cases of *Marshall* v. *Oakes*, 51 Maine, 308, and *State* v. *Cleaves*, 59 Maine, 298.

The defendants complain only of an instruction given apparently with reference to a supposed ratification by the wife of the act of the husband in subscribing her name to the impounding certificate. They invoke the ancient doctrine of the common law

as laid down in Chitty's Pleadings, that a married woman cannot be a trespasser by prior or subsequent assent.

That this doctrine is still properly applicable to numerous actions of tort brought against married women, we do not doubt. We should be inclined to say, for example, that a wife ought not to be held liable for the tort of her husband or any third party, in which she does not participate as an actor, by reason of prior or subsequent assent, consent, advice or authority from her, in a case where she is not in any contingency to reap a profit, or her separate estate a benefit.

No change wrought by statute in her capacity to hold, control, manage, or dispose of her own property seems to require a change in the doctrine of the common law to such an extent as that. Just so far as the statute modifying the common law compels a change in its doctrines we go, and no further.

And we think that a necessary consequence of the statute-enlargement of her power to manage and control her property is a corresponding increase of her responsibility for all acts and contracts relating thereto or growing out of her management and control thereof.

Where she does act independently of her husband, and is subject to no coercion from him, but makes him her instrument and agent in enforcing some supposed right, we see no reason for regarding her as incapable of authorizing or ratifying any act done in her name and behalf, or for shielding her from responsibility therefor. The instruction complained of, viewed in the light most favorable to the excepting party, makes her *quoad hoc, sui juris ;* and in this we think there was no error.

*Motion and exceptions overruled.*

Appleton, C. J., Walton, Dickerson, Danforth, Virgin and Libbey, JJ., concurred.