OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1892.

---

*(Continued from Volume 114.)*

---

FLESH *et al.* v. LINDSAY *et al.*, *Appellants.*

Division Two, March 14, 1893.

1. **Husband and Wife**: TORTS OF WIFE: HUSBAND'S LIABILITY: COMMON LAW RULE. The husband at common law is liable for the torts of the wife where the act is done by her alone, and when in such case she is sued he must be joined as defendant.

2. ———: ———: ———: ———. Where the wrongful act is committed by the wife in the presence and by the direction of the husband, he alone is liable at common law.

3 ———: WIFE'S LANDS: EJECTMENT. A husband is, in this state, entitled to the possession of his wife's lands as at common law and may sue in ejectment therefor without joining her in the action.

4. ———: ———: WIFE'S NEGLIGENCE: SERVANTS. A married woman and her husband are jointly liable both at common law and under the statute (Revised Statutes, 1889, sec. 6868) for damages accruing to adjoining property by reason of the negligence of defendant's servant in repairing and remodeling the wife's building owned by her as her legal estate in fee.

115   1
123   177
123   183

115   1
127   335
127   561
128   149
128   679

115   1
66a 348
77a 606

115   1
144   380

115   1
147   410

115   1
152   437
f152 438
152   439

115   1
92a ³668

115     1
170   ³274
171   ³223

5. ———: ———: ———: AGENTS. Though a married woman cannot have an "agent" with respect to her realty which is not her separate estate, the mere fact that she is permitted by statute to own such property in fee implies that she may improve or repair it, and for that purpose she may employ servants for whose negligent acts she and her husband will be jointly liable.

6. ———: ———: ———: ———. It is error, in an action against a husband and wife to recover for injuries to adjoining premises caused by the negligent repair of a building owned in fee by the wife, to instruct the jury that, if a designated person was the wife's agent in making the repair, it was her act, and that she was responsible for the alterations and changes in the building in person as if she had made the contract therefor without the intervention of an agent.

7. ———: ———: INSTRUCTION: DAMAGES. An instruction in such case is also erroneous which authorizes plaintiff to recover for injuries to their leasehold interest in the premises injured, where the petition contains no allegation thereon and all the damages claimed are of a special character as set forth in an itemized account filed with, and made a part of, the petition.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

*Boyle & Adams* for appellant.

(1) Prior to November 1, 1889 (when the present Revised Statutes became operative), the law of this state vested in a husband during coverture the possession and control and the exclusive right to the rents, issues and products of his wife's real estate, owned by her at the time of the marriage, or coming to her at any time during the coverture. *Bledsoe v. Simms*, 53 Mo. 305; *Harriman v. Stowe*, 57 Mo. 93; *Cooper v. Ord*, 60 Mo. 421; *Kanaga v. Railroad*, 76 Mo. 207; *Dyer v. Wittler*, 89 Mo. 81; *Peck v. Lockridge*, 97 Mo. 549; *Mueller v. Kaessman*, 84 Mo. 323. (2) No act other than the marriage itself is necessary on the part of either the husband or the wife to vest this marital

estate in the husband. The law casts it upon him by virtue of the marriage alone. Bishop on Married Women, secs. 529, 537; *Dyer v. Wittler*, '89 Mo. 81. (3) Not only does the law invest the husband with these marital rights, but it prohibits any divestiture of them through execution for his sole debts, or by any conveyance on his part, unless joined therein by his wife. Any disposition he may attempt to make of them, unless by such joint conveyance with his wife, executed as required by the statute, is null and void. Revised Statutes, 1889, sec. 6868; Revised Statutes, 1879, sec. 3295; General Statutes, 1870, ch. 115, sec. 14; *Wannell v. Kem*, 51 Mo. 150; *McBeth v. Trabue*, 69 Mo. 642; *Hord v. Taubman*, 79 Mo. 101; *Mueller v. Kaessman*, 84 Mo. 323. (4) If any liability was shown by plaintiff's evidence, it was a liability on the part of Bailey & Sage, who were lessees of the building owned by defendants, and in actual possession and occupancy thereof at the time of and for a considerable period prior to the alleged injury. *Grogan v. Foundry Co.*, 14 Mo. App. 587; *Ward v. Fagan*, 28 Mo. App. 116; *Gilliland v. Railroad*, 19 Mo. App. 411; *Rich v. Bacterfield*, 56 English Common Law, 783; *City v. Spalding*, 4 Cush. 277; *Fisher v. Thiskell*, 21 Mich. 1; *Leavitt v. Fletcher*, 10 Allen, 121. (5) A married woman can have no agent unless she is possessed of a separate estate. *Harriman v. Stowe*, 57 Mo. 93; *Wilcox v. Todd*, 64 Mo. 390; *Hall v. Callahan*, 66 Mo. 316; *Hord v. Taubman*, 79 Mo. 101; *Henry v. Sneed*, 99 Mo. 407; *State v. Clay*, 100 Mo. 571; Story on Agency, sec. 6; Bishop on Married Women, secs. 39, 538, 602. (6) The wife is not liable for torts committed jointly with her husband, nor when committed under his direction or with his knowledge and consent. In such cases the husband alone is liable. *Alexander v. Lydick*, 80 Mo. 341; *Dailey v. Houston*, 58 Mo. 361; *McKeown v.*

*Johnson*, 1 McCord, 578; Bishop on Married Women, secs. 43, 60; *Ball v. Bennett*, 21 Ind. 427; *Leiler v. People*, 77 N. Y. 411; *Carleton v. Haywood*, 49 N. H. 314. (7) Instructions based upon a state of facts not in evidence are erroneous. *Turner v. Baker*, 42 Mo. 13; *Rose v. Spier*, 44 Mo. 20; *Harper v. Railroad*, 44 Mo. 488; *Lester v. Railroad*, 60 Mo. 265. (8) Instructions presenting issues not raised by the pleadings are erroneous. *Camp v. Heelan*, 43 Mo. 591; *Bank v. Murdock*, 62 Mo. 70; *Fulkerson v. Thornton*, 68 Mo. 468; *White v. Chaney*, 20 Mo. App. 389. (9) Where the damages claimed are not such as necessarily result from the act complained of they are special damages, and to entitle plaintiff to prove them must be specifically alleged in the petition. Sedgwick on Damages [6 Ed.] 733; Sutherland on Damages, p. 763; *Squier v. Gould*, 14 Wend. 159; *O'Leary v. Rowan*, 31 Mo. 117; *State ex rel. v. Blackman*, 51 Mo. 319.

*S. N. Taylor* for respondent.

(1) Rights in party walls pass with the land to heirs or assignees without being specially mentioned in the conveyance. Each proprietor owes to the other the duty to do nothing that shall weaken or endanger it. Cooley on Torts [2 Ed.] 440; *Brooks v. Curtis*, 50 N. Y. 644; *Partridge v. Gilbert*, 15 N. Y. 606; *Eno v. Del Vecchio*, 6 Duer, 17; *Schilie v. Brokhaus*, 80 N. Y. 614; *Dowling v. Huming*, 20 Md. 180; *Crashaw v. Summer*, 56 Mo. 517; *Hammond v. Schiff*, 6 S. E. Rep. 753; *Henry v. Koch*, 80 Ky. 391; *Phillips v. Bordman*, 4 Allen, 149. (2) Appellant, being the owner of the fee in the land under the married woman's act and the building which she caused to be reconstructed for her use, is responsible for having had it so reconstructed as to weaken the party wall and thus cause a collapse of

plaintiff's building, the same as if it were her separate estate. *Merrill v. St. Louis*, 83 Mo. 253; *Merrill v. St. Louis*, 12 Mo. App. 475; *Robins v. Mount*, 4 Robertson (N. Y.), 559; *Mueller v. Kaessmann*, 84 Mo. 324; *Wilson v. Albert*, 89 Mo. 542; *Handy v. Foley*, 121 Mass. 260; *Heckle v. Lurvey & Wife*, 101 Mass. 345; *Marshall v. Oakes*, 51 Maine, 308; *Burns v. Bangert*, 92 Mo. 167; *Gilliland v. Gilliland*, 96 Mo. 522; *Craig v. Van Bebber*, 100 Mo. 591; Revised Statutes, sec. 6868. The wife is liable for a tort committed with the knowl edge and consent of her husband and in his presence in all cases now, where she does not act under his coercion. *Merrill v. City of St. Louis*, 83 Mo. 253; Bishop on Married Women, 258; *Merrill v. City of St. Louis*, 12 Mo. App. 475-7; *Simmons v. Brown*, 5 R. I. 306; *State v. Cleaves*, 59 Me. 302. (3) The court did not err in giving plaintiff's principal instruction. If the only error in an instruction is that it requires one of the parties to prove more than he ought to be required to prove to make out his case, the adverse party cannot complain. *Houx v. Batten*, 68 Mo. 84; *State v. Ware*, 69 Mo. 332; *Wright v. McPike*, 70 Mo. 176; *Bank ex rel. v. Gilpin*, 105 Mo. 22; *Gaty v. Sack*, 19 Mo. App. 417. (4) If there was any departure as suggested by counsel for appellant in the evidence from the issues tendered in the pleadings, the appellant adopted the error and had the benefit of a questionable proposition of law, and this prevents a reversal of the case upon that point. *Soldani v. Railroad*, 23 Mo. App. 522; *McGonigal v. Dougherty*, 71 Mo. 265; *Crutchfield v. Railroad*, 64 Mo. 257; *Holmes v. Braidwood*, 82 Mo. 615; *Bank v. Gilpin*, 105 Mo. 22; *Green v. St. Louis*, 106 Mo. 454. (5) The record shows that justice was done in the finding of the jury and the rendition of the judgment. It is a well settled doctrine in this state, when from the whole case it appears that

justice has been done, though errors were committed which did not materially affect the merits, the court will not disturb the verdict. *Walter v. Cathcart*, 18 Mo. 256; *Smith v. Culligan*, 74 Mo. 388; *Drain v. Railroad*, 86 Mo. 582; *Mauerman v. Railroad*, 41 Mo. App. 328. Moreover, the statutes make the above rule imperative upon this court. Revised Statutes, secs. 2100, 2302, 2303.

BURGESS, J.—This is a suit against Jane Lindsay and her husband, Andrew J. Lindsay, for damages alleged to have been sustained by plaintiffs by reason of wrongful acts alleged to have been committed by defendants in March, 1887.

The petition alleges that plaintiffs, who were co-partners under the name of Flesh & Mook, were lessees and occupants of a certain building, number 414 North Third street, in the city of St. Louis, where they conducted a paint shop business, and which building on May, 30, 1887, without carelessness or negligence on their part, collapsed by the crushing of the north wall thereof; that such north wall was then, and for a long time prior thereto had been used as a party wall between the building so leased by plaintiffs and a certain adjoining building on the north known as 416 North Third street; that said last mentioned building was then, and since the year 1877 had been, owned by the defendant Jane Lindsay, "as her own sole and separate property, free from all claims, debts or liabilities of her said husband; that said Jane Lindsay, so being the owner of said last mentioned building, did, on or about the fifteenth day of March, 1887, and prior thereto, make alterations and repairs in her said building in a negligent, careless, unskillful and unworkmanlike manner, and did carelessly and negligently remove certain studding and supports, whereby an unreason-

able amount of presssure was thrown upon said party wall, and did negligently and carelessly cause her said building to be used as a printing house, in which heavy machinery, tools, fixtures and appliances were used upon the second floor thereof, thus weakening and thus causing an undue pressure upon said party wall, and by reason of said several acts of negligence and carelessness by the said Jane Lindsay, defendant, said wall was, on the thirtieth of May, 1887, crushed and caused to fall down, and in its fall was the immediate cause of the falling down of the building so occupied by plaintiffs as a paint store and shop."

It is further alleged that "the immediate cause of the falling of their said building was the careless, negligent and unworkmanlike manner in which defendant, Jane Lindsay, made repairs in her said building, and the negligent and careless manner in which she removed studding, partitions and supports from her said building, and the negligent and careless use to which she put her said building after having thus removed said supports; that her said building was old and the walls weak, and she knew, or in the exercise of reasonable care and diligence might have known, that the use of machinery incident to a printing house would tend to cause the falling of her building and said party wall, and that she was negligent and careless in thus permitting said machinery to be used in her said building." The petition then sets forth specifically the damages claimed to have been sustained by plaintiffs by reason of the alleged wrongful acts, and refers to an account which is filed with the petition as setting forth all the items of damage and amount claimed as to each.

To this petition appellant filed her answer containing a general denial and also alleging the falling of plaintiff's building, and that the damages, if any, they may have suffered thereby were caused by their own

carelessness and negligence in their own use of said building. A reply of general denial to the new matter of this answer was filed by plaintiffs. The defendant, Andrew J. Lindsay, filed his separate answer consisting of a general denial of the allegations of the petition.

The evidence showed that Mrs. Lindsay was the owner in fee of the property, having inherited it from her mother; that it was not her separate property, and in other respects tended to sustain the allegations of the petition.

At the close of plaintiff's evidence, defendants asked an instruction that under the pleadings and evidence plaintiffs were not entitled to recover. This instruction the court refused to give, and to such refusal defendants excepted.

At the close of all the testimony the defendants again asked the court to instruct the jury as follows:

"Under the pleadings and evidence in this case, the court instructs the jury that the plaintiffs cannot recover, and their verdict must be for the defendant, Jane Lindsay.

"If the jury believe and find from the evidence that the person employed and who did make the changes in the building, number 416 North Third street, to adapt it to the uses and purposes of a printing office for Bailey & Sage was by defendant believed by his reputation in his business to be a competent mechanic to make such changes and repairs, and that the changes and repairs were intrusted to his judgment and the lessees, Bailey & Sage and also find that he was a proper and competent person to employ and engage in this change and repair, then the defendant is not liable."

"The jury are instructed that a married woman cannot be held liable for a tort or wrong committed by the

direction of her husband. If therefore the jury find from the evidence in this case that the repairs made on building number 416 North Third street were made under the direction and supervision of her husband, their verdict must be for defendants." Which said instructions the court refused to give, and to such refusal defendants then and there at the time duly excepted.

Thereupon, the court, at the instance and request of plaintiffs, gave the following instructions to the jury, viz.:

"The court instructs the jury that, by the terms of the lease read in evidence, dated the nineteenth day of December, 1885, plaintiffs leased from B. M. Chambers, trustee of Anna B. Thatcher, building number 414 North Third street, in the city of St. Louis, Missouri, for a period of five years from the first day of April, 1886, at a stipulated rental of $1,000 per annum, payable in monthly installments of $83.03 1-3 per month in advance, and by the terms of said lease plaintiffs were required to take good care of the buildings and premises, and at the end of said five years' term surrender it to the lessor named in the lease, his heirs and assigns, with all keys, bolts, latches and repairs left in as good condition as when received.

"The court further instructs the jury that, if they believe from the evidence that immediately after the execution of said lease plaintiffs entered into said building and continued to use the same as a paint store and shop until the thirtieth day of May, 1887, and that on said last named day, without negligence on their part, said building collapsed by the crushing of the north wall and greatly damaged plaintiffs; and if the jury further believe that for a long time prior to the crushing of said wall it had been used as a party wall between said building, number 414 North Third street,

and the property of the defendant, Jane Lindsay, known as 416 North Third street, was the property of the defendant, Jane Lindsay, who, so being the owner of said last named building, did in the spring of 1887 cause to be made certain alterations and changes in said buildings, and that she caused the same to be made in a careless and unskillful manner, and that she carelessly and negligently caused to be removed certain studding and supports from said building, and that by reason of the removal of said studding and supports an unreasonable amount of pressure was thrown upon said party wall; and if the jury further believe that defendant carelessly and negligently leased her said building to be used as a printing house, which required heavy machinery, fixtures and appliances to be used on the second floor thereof, and in consequence of the removal of said studding and supports and the use to which she caused her said building to be put, said party wall was weakened, and by reason thereof fell and damaged plaintiffs; and if the jury further believe that the building of said defendant, Jane Lindsay, was old and the walls thereof weak, and that she knew, or in the exercise of ordinary care and diligence might have known, that the same was weak, and that the removal of said studding and supports and the use of the machinery incident to a printing house in said building would tend to cause the same to collapse, and that she was negligent and careless in removing said studding and support, and in thus permitting such machinery to be used in said building, then the jury will find for the plaintiffs, unless you find for the defendant on one or more propositions contained in the following instructions:

"The jury are further instructed that if Farrar & Co., or Charles Farrar, were the agents of Jane Lindsay for the purpose of causing the alterations and changes in question made, then their act was her act,

and she is responsible for the alterations and changes in person, without the intervention of an agent.

"The court further instructs the jury that if they find for the plaintiffs and against the defendant, Jane Lindsay, then that they will assess plaintiffs' damages at a sum equal to the damage plaintiffs suffered in loss and damage to their personal property in their said building resulting from the falling thereof, and also the damage to the plaintiffs' leasehold; and in determining the damage to plaintiffs' said leasehold, the jury will take into consideration the value of said leasehold to the lessees (plaintiffs herein) immediately before the injuries complained of, and its value immediately after the collapse of their building, and the difference in such value would be the true measure of damages as to said leasehold."

To the giving of which said last three mentioned instructions defendants at the time duly excepted.

And at the instance and request of defendants, the court gave the following instructions to the jury, viz.:

"The court instructs the jury that defendant, Jane Lindsay, is not liable in this action for any neglect or wrongful act of her husband, if there was any such neglect or wrongful act, in repairing building number 416 North Third street, unless it shall appear to their satisfaction from the evidence that she directed, knew of the character and nature of the same, and suffered such repairs to be improperly and negligently made.

"The court declares the law to be that, under the evidence in this case, the defendant, Jane Lindsay, did not have a separate estate, but an estate in fee simple in the property in question, number 416 North Third street.

"The court instructs the jury, that, by his marriage with Jane Lindsay, the defendant, A. J. Lindsay, was legally entitled to the possession, control and manage-

ment of the premises known as number 416 North Third street, and if they find and believe from the evidence that, at the time the repairs complained of were made on the same, the defendant, A. J. Lindsay, was in possession and exercising control of said property under his right as her husband, then the plaintiffs cannot recover in this action, although they may find that the repairs were not safely or permanently made.''

And the court of its own motion gave the following instructions to the jury, viz.:

"The jury are instructed that a married woman cannot be held liable for a tort or wrong committed by the direction of her husband. If, therefore, the jury find from the evidence in this case that the repairs made on building number 416 North Third street were made under the direction and supervision of her husband, and that the building was rented to Bailey & Sage for a printing office and stationery store, by or under the direction of her husband, then your verdict should be for the defendant.

"The words careless and negligent and carelessly and negligently as used in these instructions mean without exercising that degree of care which a person of ordinary common sense and prudence under like circumstances and in the performance of a like act would have exercised.

"These instructions are to be taken by the jury altogether, and considered as constituting one whole instruction.''

To the giving of which said last three instructions, above mentioned, defendants at the time duly excepted.

There was a verdict and judgment for the sum of $2,966.66 in favor of plaintiffs against appellant Jane Lindsay. There was no finding or judgment for or against her husband and co-defendant, Andrew J. Lindsay. The appellant, Jane Lindsay, in due time filed

motions in arrest of judgment and for a new trial, both of which motions being by the court overruled, she perfected her appeal to this court.

I. The first contention of defendant is that the court committed error in refusing to instruct the jury that the plaintiffs could not recover as against her, she being a married woman at the time of the committing the injury complained of, was only the owner of the property in fee, and that therefore her husband alone, if any person, was responsible in damages. The evidence shows that the defendant, Mrs. Lindsay, inherited the property from her mother, and that the repairing and alterations that were made and which caused the wall to give way and fall and injure plaintiff's paint shop and contents, was carelessly and negligently done, and were made under the supervision of her husband and one Farrar, and by and with her knowledge and consent. Plaintiffs were lessees of the building that was crushed, holding it under a lease for five years.

At common law the husband had almost absolute control over the wife's person; was entitled, as a result of their marriage, to her society, services and earnings, to her goods and chattels; had a right to reduce her choses in action to possession during her life; could collect the rents and profits of her real estate, and had entire control over her property. She was bound to obey him, was incapable of making contracts except for necessaries, so that in law they were regarded as but one person. As a necessary consequence he alone was liable for and could be sued for her torts and frauds committed during coverture, in his presence or by procurement; otherwise they were jointly liable and must be so sued. The only torts for which the wife could be sued at common law, and judgment rendered against her, and jointly with her husband, were torts unmixed with any element of contract, such as an assault, libel,

slander and the like.   *Keen v. Hartman*, 48 Pa. St. 497;
2 Bishop on Married Women, sec. 256; Cooley on Torts,
115; Schouler on Domestic Relations, 102, 103.    And
even then she was not liable unless the tort was com-
mitted out of the presence of the husband, and without
his order or consent, otherwise he alone was liable under
the presumption that she was induced to commit them
under his coercion.   *Alexander v. Lydick*, 80 Mo. 341;
*Ball v. Bennett*, 21 Ind. 427;  2 Kent's Commentaries,
[10 Ed.] 143;  *Carleton v. Haywood*, 49 N. H. 314.

In the case of *Dailey v. Houston*, 58 Mo. 361, which
was an action for assault and battery against the hus-
band and wife, committed by her in the presence of her
husband, this court says:

"The general rule seems to be that no joint action
will lie against husband and wife for their joint tres-
pass, but the husband alone is liable, and must be sued
alone for such trespasses.   In the case of *McKeon v.
Johnson*, 1 McCord, 578, this doctrine is fully sustained,
and, although it is admitted by the learned judge deliver-
ing the opinion that Mr. Chitty in his work on plead-
ing states the law to be different, yet it is asserted that
the rule has been well established in this country, that
no joint action will lie in such case."

The case of *McKeon v. Johnson*, 1 McCord, *supra*,
was an action against the husband and wife for enticing
away and harboring a negro servant in the possession
of the plaintiff, and was approved by this court in the
case of *Meegan v. Gunsollis*, 19 Mo. 418, which was an
action of ejectment against husband and wife.

The general rule of the common law then is that
the husband is liable for the torts of his wife where the
act is done by her alone; and whenever in such a case she
is sued for a tort the husband must be joined in the
suit.   If the wrongful act of the wife be committed in
the presence and by direction of the husband, he alone

is liable. 2 Kent's Commentaries, 149; Schouler's Domestic Relations, 103. In the case at bar the husband and wife both knew that the changes and alterations were being made in the building and that it was being paid for out of her means, and made for her use and benefit.

In the case of *Handy v. Foley*, 121 Mass. 259, which was an action in trespass against the husband and wife for trespass committed by the wife in entering plaintiff's close and destroying his gate, when her husband was not present, but the act was done by his direction and instigation, it was held they were jointly liable. It was also held in the same case that "the statement in 2 Kent's Commentaries, 149, *supra*, 'that, if the wife commits a tort in her husband's presence or by his order, he alone is liable,' is too general and must be limited to the case of her acting by his coercion."

In the case of *Roadcap v. Sipe*, 6 Gratt. 213, which was a case of assault and battery against husband and wife for an assault committed by both of them, it was held that they were jointly liable. *Carleton v. Haywood*, 49 N. H. 314.

In the case of *Simmons v. Brown*, 5 R. I. 299, "the dam of a mill, erected by husband and wife upon land which the wife owned in fee, overflowed land of the plaintiff. It was held, upon common law principles, that he might maintain an action against both husband and wife for the damages. And it was laid down as a rule, after examining a number of early English decisions, that a married woman may be jointly guilty with her husband of any trespass, whether the injury arising from it be direct or consequential. The court declared the rule laid down by Chitty (1 Chitty's Pleadings, 83) that husband and wife may be joined in all actions in which two or more persons may be jointly guilty, and may be charged jointly, to be well settled." This case

was approved by the St. Louis court of appeals in the case of *Merrill v. St. Louis*, 12 Mo. App. 466; 83 Mo. 244.

In *Smith v. Taylor*, 11 Ga. 22, the court say: "For torts committed by the wife, not in the presence of her husband, and not by his coercion they are jointly liable and must be joined in the action. If there is a recovery, the judgment passes against both. If the wife has a separate estate it may be taken in execution." In the case of *Merrill v. St. Louis*, 83 Mo. 244, Judge PHILIPS, in speaking for this court, says: "This declaration meets our approval and we think it pertinent and just to the profession and the courts to say so."

It will be observed that the law makes a distinction between a class of cases where the tort is committed by the direction of the husband or by the wife in his presence, as in the case of *Dailey v. Houston*, 58 Mo. 361, and in a class of cases where the tort was committed by them jointly, as in the case at bar. In the first named class the husband alone is liable, while in the latter they are both liable, and must be jointly sued.

If this suit can be maintained against Mrs. Lindsay upon any principle, it must be upon the principle that the tort which is here the cause of action was her tort, and that she and her husband are liable to be jointly sued for it, or by reason of the provision of section 6868, Revised Statutes, 1889, which was in force at the time the cause of action accrued, to-wit, May 30, 1887. This section reads as follows: "The rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall, during coverture, be exempt from attachment or

levey of execution for the sole debts of her husband; and no conveyance made during coverture by such husband of such rents, issues and products, or of any interest in such real estate, shall be valid, unless the same be by deed, executed by the wife jointly with the husband, and acknowledged by her in the manner now provided by law in the case of the conveyance by husband and wife of the real estate of the wife; *provided*, such annual products may be attached or levied upon for any debt or liability of her husband, created for necessaries for the wife and family, and for debts for labor or materials furnished upon or for the cultivation or improvement of such real estate.''

It has been held by this court that this is a disabling statute, and that by its provisions the husband is shorn of all of his marital rights at common law and renders him powerless to bind, charge or convey, or in any way incumber the real property of his wife except by deed duly executed and acknowledged in conjunction with her. *Mueller v. Kaessmann*, 84 Mo. 318; *Burns v. Bangert*, 92 Mo. 167; *Wannell v. Kem*, 51 Mo. 150; *Clark v. Bank*, 47 Mo. 17; *Clark v. Rynex*, 53 Mo. 380; *Silvey v. Summer*, 61 Mo. 253; *McBeth v. Trabue*, 69 Mo. 642; *Bartlett v. O'Donoghue*, 72 Mo. 563; *Goff v. Roberts*, 72 Mo. 570; *Hord v. Taubman*, 79 Mo. 101. While it held that this statute deprives the husband of all power to convey or dispose of his wife's real estate without joining her with him, it is also held that, in actions of ejectment to recover the possession thereof, he may sue in his own name and that his wife is not a necessary party plaintiff with him. *Bledsoe v. Simms*, 53 Mo. 305; *Cooper v. Ord*, 60 Mo. 420; *Kanaga v. Railroad*, 76 Mo. 207; *Dyer v. Wittler*, 89 Mo. 81; *Peck v. Lockridge*, 97 Mo. 549. It necessarily follows from these decisions that the right of the husband to

the *possession* of his wife's real property as it existed at common law has not been taken away by this statute.

It is also contended by defendant that a married woman can have no agent unless she is possessed of a separate estate and such seems to be the law as announced in the case of *Wilcox v. Todd*, 64 Mo. 390; *Hall v. Callahan*, 66 Mo. 316; *Hord v. Taubman*, 79 Mo. 101; *Henry v. Sneed*, 99 Mo. 407. But may she not have a servant to repair her property and preserve it from decay and destruction? An agent is a defined to be a person duly authorized to act on behalf of another, or one whose unauthorized act has been duly ratified. 1 American & English Encyclopedia of Law, p. 333; Evans on Agency [Ewell's Ed.] sec. 1; 1 Sweet's Law Dictionary. Servant is defined by Mr. Webster as follows: "One who serves or does service voluntarily or involuntarily; a person who is employed by another for menial offices or for other labor, and is subject to his command; a person who labors or exerts himself for the benefit of another, his master or employer; a subordinate helper." We take it then that the persons engaged in or about the repairing, changing and remodeling the building of Mrs. Lindsay were her servants, even if she could not have an agent in regard to her fee simple property.

Section 6868, Revised Statutes, 1889, *supra*, provides, that the annual products of the wife's realty may be attached or levied upon, for any debt or liability created * * * for the cultivation and improvement of such real estate. By this it is clearly implied that the wife's realty may be improved, and who is to do it if she does not? The very fact that she is permitted by law to hold property in fee, implies that she may improve, repair and remodel it as the exigencies of the case and the advance of the times may require, and that for that purpose she may employ servants, for whose careless-

ness and negligence in the manner of its doing she and her husband should be held jointly liable. As was said in the case of *Merrill v. St. Louis, supra,* "The law imposes upon every owner of property the duty of so using it as not to injure the property or the persons of others." Should a married woman who owns property worth thousands of dollars, and who may have an impecunious and insolvent husband, be permitted to so use her property as to destroy that of others, and there be no redress therefor? If she is not in such case answerable for negligence to any one who has been injured by its improper management, who is so answerable? A vast amount of property is now held by married women in this state, as it is held in the case at bar, and the policy of the law is that those who thus own it beneficially should answer for the tortious or negligent management of it.

We hold that both at common law and under the statute the defendant and her husband are jointly liable for the damages which accrued to plaintiffs in this case by reason of the carelessness and negligence of defendant's servants (if such was the case) in remodeling and changing the building.

II. As Mrs. Lindsay could have no agent in regard to her property as held by this court, the court committed error in instructing the jury that "If Farrar & Co., or Charles Farrar, were the agents of Jane Lindsay for the purpose of causing the alterations and changes in question to be made, their act was her act, and she is responsible for the alterations and changes in her said building as if she had made the contract for such alterations and changes in person, without the intervention of an agent."

And also in instructing the jury that plaintiffs were entitled to recover damages for injuries to their leasehold for the reason that there is no allegation in

the petition in regard thereto, but all damages claimed are of a special character as set forth in the itemized account filed with and made a part of the petition.

III. In no event is Mrs. Lindsay *alone* to be held liable for the damages sued for, but she is liable in conjunction with her husband.

IV. For the error of the court in giving instructions for plaintiff as herein indicated, and in rendering judgment against Mrs. Lindsay and not against her husband, the cause will be reversed and remanded to be proceeded with in accordance with the views herein expressed. Reversed and remanded. All of this division concur.