TAYLOR, By Next Friend, v. PULLEN et al., Appellants.

### Division Two, November 28, 1899.

1. **Common Law**: WHEN RULE IS ABROGATED. Where the reason upon which a common law rule is founded is clearly defined, and that reason is removed, the rule itself is abrogated.

2. ———: ———: JOINING HUSBAND AS DEFENDANT. The reasons for the common law rule that required the husband to be joined with his wife in an action for her torts are not sufficiently distinct to justify the courts in abolishing the rule. That must be done by the Legislature, if done at all.

3. **Slander by Wife**: LIABILITY OF HUSBAND. The husband is still liable for slanders uttered by his wife during coverture without his presence, knowledge or consent. And his liability is not relaxed by sections 6864, 6868, 6869 and 6870, Revised Statutes 1889.

4. ———: FINANCIAL STANDING OF DEFENDANTS. In a suit for slander against a husband and wife, it is not error to allow plaintiff to show the financial condition of both the defendants.

5. **Instructions**: NO OBJECTION OR EXCEPTIONS. Where no objection was made and no exception was saved to an instruction at the time it was given, no question as to its correctness can be raised in the appellate court.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

T. C. DUNGAN, JOHN KENNISH and SAMUEL O'FALLON for appellants.

(1) The verdict and the judgment are erroneous, and are not supported by the evidence. The petition of the plaintiff is not sufficient in that it does not show, or aver, that the infant plaintiff, although over the age of fourteen years, made any application, in writing signed by her, to the court, or the judge or clerk thereof in vacation, for the appointment of next friend; nor does it show, or aver, that Artemus Kelly, the alleged next friend, ever consented to act as such next friend of said plaintiff, by written instrument duly acknowledged or proved to the court, or officer making the appointment, nor does it show, or allege such appointment of a next friend by the court, in which the said suit was brought, or by the judge or clerk, thereof, in vacation. Secs. 1997 to 2003, R. S. 1889; Whittlesey's Mo. Prac., secs. 103 to 105; Thornton v. Thornton, 27 Mo. 305; Larned v. Renshaw, 37 Mo. 460; Higgins v. Railroad, 36 Mo. 431; Porter v. Railroad, 60 Mo. 160; Robinson v. Hood, 67 Mo. 660; Spillane v. Railroad, 111 Mo. 559. (2) The respondent, being an infant, has no capacity to sue, except in the mode pre-

scribed in the "Guardian and Practice Acts." Hurlburt v. Young, 13 How. Pr. Rep. 412; Tyler v. Smith, 13 How. Pr. Rep. 104; Hoftailing v. Teal, 11 How. Pr. Rep. 188; Burnham v. De Bevoroe, 8 How. Pr. Rep. 159; Stanley v. Chappell, 8 Cow. 236. (3) Under the law, as at present existing in this State, and under the various married woman's acts, passed from time to time, the husband is not liable for the torts of his wife, where the same are committed without his direction, instigation, connivance, consent or knowledge, and not in his presence. The reason at common law, for such liability, being the fact that by the act of marriage, the wife's identity and legal existence was merged in that of her husband, and he became entitled to all of her means and property of every character, out of which she could respond in damages, it was proper and right that he should be held liable in damages for her torts. The reason for the existence of such rule, having been extinguished by the enactment of such laws as now exist in this State restoring her legal identity and investing her with the right of property co-equal with those of her husband, the rule should and does cease. Secs. 6864, 6868, 6869 and 6870, R. S. 1889; Martin v. Robson, 65 Ill. 129; Norris v. Corkill, 32 Kan. 409; Berger v. Jacobs, 21 Mich. 215; Musselman v. Galligher, 32 Iowa, 383; Paixcor v. Burrell, 32 Iowa, 394; Murhiston v. Hotton, 42 Iowa, 288; Arnold v. Willis, 128 Mo. 149.

L. R. KNOWLES, JOHN W. STOKES and H. S. KELLEY for respondent.

(1) The petition shows that the plaintiff was an infant, over fourteen and under eighteen years old, and that at her request in writing, Artemus Kelly consented to act as her next friend in the prosecution of this action, and had been duly appointed as such by the clerk of the circuit court of Holt county in vacation of said court, without being required to

give bond, as such next friend. This was a substantial compliance with the statutes, secs. 1997, 1998, 1999, 2000 and 2001, R. S. 1889. If not, then such defect appeared upon the face of the petition, and defendants should have demurred to the petition, and failing to do so such defect is waived. Secs. 2043 and 2047, R. S. 1889; Spellman v. Railrcad, 111 Mo. 561; Robinson v. Hood, 67 Mo. 660; Vanstcne v. Goodwin, 42 Mo. App. 39; Alexander v. Garrard, 54 Mo. 342; Rogers v. Marsh, 73 Mo. 64; Clowers v. Railroad, 21 Mo. App. 213; Ellinger v. Railroad, 60 Mo. App. 680; Holton v. Towner, 81 Mo. 367. (2) The husband is liable for the wife's torts. Nichols v. Nichols, 147 Mo. 387; Flesh v. Lindsay, 115 Mo. 1; Arnold v. Miller, 128 Mo. 148.

GANTT, P. J.—An action for slander was commenced in the circuit court of Holt county by the plaintiff against defendants who are husband and wife, for certain alleged slanders by the female defendant, and resulted in a judgment for $801 for plaintiff. An appeal was duly prosecuted to the Kansas City Court of Appeals. That court transferred the cause to this court because one of the judges of that court deemed the opinion of the court in conflict with the opinion of this court in Flesh v. Lindsay, 115 Mo. 1.

The appellants have presented a very meager abstract of the evidence, reciting only that "plaintiff introduced evidence tending to prove the allegations of the use of the slanderous words of her petition on all the different counts, and defendants offered evidence tending to prove the allegations of their answer and to contradict plaintiff's witnesses, and also evidence to impeach the general reputation for truth of plaintiff's witnesses Samira Kelly and Amanda Taylor, the plaintiff." Various errors are assigned, and will be considered.

I. The important question raised in the record and the one on which the cause was certified by the Kansas City Court of Appeals is whether or not a husband is liable for slanders

uttered by his wife during coverture without the presence, knowledge or consent of the husband since the adoption of sections 6864, 6868 and 6869, Revised Statutes 1889.

In Flesh v. Lindsay, 115 Mo. 1, this court stated the common law rule to be that a husband is liable for the torts of his wife where the tortious act is done by the wife alone and when she is sued for such tort the husband must be joined in the action.

Such, unquestionably, is the common law and so it is held to be by the court of appeals in this case, but it is argued that our modern legislation having removed the reason for the common law, the law itself ceases. We are relieved from much labor by the decision in Nichols v. Nichols, 147 Mo. loc. cit. 408. In that case it is pointed out that section 6870 must be read in conjunction with the sections above enumerated and when so read, demonstrates that the Legislature only relaxed the common law rule to the extent of limiting the husband's liability for his wife's ante-nuptial debts and torts to property received and acquired by him from his wife, and on the familiar principle of *expressio unius exclusio alterius* left his liability for her torts committed during coverture just as they existed at common law.

It has not been the policy in this State for the courts to move in advance of a clearly expressed purpose to remove the common law disabilities, rights and liabilities of married women or to change marital relations. On the contrary, great conservatism has marked the course of judicial decisions in this regard. It is true that when the reason upon which a rule of law is founded is clearly defined, and that reason is then removed, the rule itself disappears. [Broom's Legal Maxims (8 Am. Ed.), mar. page 160.]

While it is true that one of the supposed reasons for the rule which required a husband to be joined with his wife in an action for her torts has ceased because he no longer acquires her property by virtue of the marriage in this State, all law-

yers must admit that so far no writer or court has as yet furnished satisfactorily all the reasons which may have influenced the adoption of the rule at common law, and until they are produced, certainly the courts can not declare that all the reasons have ceased and thus abolish the rule by judicial decision.

Recognizing the soundness of the decisions in States like Massachusetts and others in which the statute absolutely abrogates the common law rule, we still find ourselves in line with the courts in other States in which the Legislature itself has proceeded cautiously in modifying the common law.

If recent statutes have so changed the rule of the common law touching the interest of the husband in the property of the wife that there seems to be a hardship in holding him responsible for her torts, the Legislature can readily furnish the exemption. [Ferguson v. Brooks, 67 Me. 251; Fitzgerald v. Quann, 109 N.Y. 441; s. c. 33 Hun. 652; McElfresh v. Kirkendall, 36 Ia. 224; Quick v. Miller, 103 Pa. St. 67.]

It results that in accordance with Flesh v. Lindsay, 115 Mo. 1, and Nichols v. Nichols, 147 Mo. 387, we must answer that the husband in Missouri is still liable for the slanders and torts of his wife uttered and committed out of his presence, and so this assignment must be and is ruled against defendants.

II. Great stress is laid upon the failure to prove that Artemus Kelly was duly appointed next friend of the plaintiff. The petition duly alleged that plaintiff was over fourteen years of age and under eighteen. It was shown that her curator refused to bring her suit and then it was brought by Artemus Kelly as her next friend. The petition was sufficient and would have prevailed against either a demurrer or motion in arrest.

In Rogers v. Marsh, 73 Mo. loc. cit. 70, it was ruled that this objection was in the nature of an affirmative defense and not available under a mere general denial. In Clowers v. Railroad, 21 Mo. App. loc. cit. 216, Judge ROMBAUER com-

menting on this last mentioned case, said: "It was held that this objection is one for defect of parties plaintiff, and is waived under the statute, unless saved by special demurrer, or by answer. This last decision is not only in conformity with the more liberal views marking recent decisions, which disregarded purely technical objections in arriving at the true merits of a controversy, but is furthermore the last controlling decision of our Supreme Court."

Our statute forbids the reversal of a judgment for the reason that "any party under twenty-one years of age" (female eighteen) "appeared by attorney if the verdict or judgment be for him." [Sec. 2113, R. S. 1889.]

The facts now urged at most could have no greater effect than if plaintiff had appeared by an attorney alone. By the lapse of time, we know she is now over eighteen years of age, and if this judgment should be reversed no need of proof of the appointment could exist as she would sue in her own right. This failure if true, does not affect the merits of this case.

IV. There was no error in permitting evidence on the part of plaintiff to show the financial condition of both the defendants. No ground for excluding the evidence was stated, but it was competent any way. [Buckley v. Knapp, 48 Mo. loc. cit. 164; Beck v. Dowell, 111 Mo. 506; Clements v. Maloney, 55 Mo. loc. cit. 359].

V. As to the eighth assignment, it is sufficient to observe that a mere objection to evidence without stating the grounds of objection will not be reviewed in this court, and such is the objection shown by defendant's abstract on this point.

VI. Objections are also now made to the instructions for plaintiff. No objection was made or exceptions saved when they were given, and it is too late now to raise any questions as to their correctness. It is clear no error was committed in refusing defendant's second instruction. The husband was liable for his wife's slander.

Having gone patiently through the whole record and assignments of error, we find no reversible error and the judgment is affirmed.

BURGESS. J., concurs ; SHERWOOD, J., absent.