### In re SCANLAN et al.

#### (District Court, D. Kentucky. October 20, 1899.)

BANKRUPTCY—PRIORITY OF CLAIMS—WAGES OF LABOR.

    A creditor of a bankrupt, who describes himself as a traveling salesman, and was employed by the bankrupt in that capacity at an annual salary of $5,000, is not a workman, nor a clerk or servant of his employer, within the meaning of Bankr. Act 1898, § 64b, according priority of payment out of bankrupt estates to "wages due to workmen, clerks or servants."

In Bankruptcy. On review of decision of referee in bankruptcy disallowing a creditor's claim to priority of payment.

J. B. McCormick, for claimant.
Joyes, Jarvis & Swope, for trustee.

EVANS, District Judge. C. A. Weaver proved his claim in this case for $300 for services rendered as a "traveling salesman" for the bankrupts within three months before the filing of the petition, and claimed a priority for the amount under section 64b (4) of the bankruptcy act. Weaver was employed by the bankrupt company as a traveling salesman at a salary of $5,000 per annum, and, the referee having refused to allow the priority claimed by him, he has petitioned the court to review that decision. The clause of the bankruptcy law referred to is in the following language: "The debts to have priority * * * shall be: * * * (4) Wages due to workmen, clerks or servants which have been earned within three months before the date of the commencement of the proceedings, not to exceed three hundred dollars to each claimant." The determination of the question involved depends upon what is the correct meaning of the words "workmen, clerks or servants," and whether a traveling salesman is such an employé as would come within the proper definition of any one of those words. It is argued that the definition should be controlled by the definition in the bankruptcy act of the phrase "wage earner." While the court thinks it possible that that definition may throw some light upon the question, yet it is not at all clear that congress had in mind wage earners merely as defined by the act when it used the language in section 64 which has just been quoted. The bankruptcy act in express terms excluded wage

earners from the list of those against whom an involuntary petition in bankruptcy might be filed, and, in order that there might be no doubt as to what persons should be included in that term, defined it in the first section to mean an individual who works for wages, salary, or hire at a rate of compensation not to exceed $1,500 per year. If the same thing had been intended by congress in section 64, doubtless it would have used the words "wage earner" there instead of the language actually employed. This makes it necessary to endeavor to ascertain their meaning from other sources, and there would seem to be nothing to indicate that congress used the words "workmen, servants and clerks" in any other than their ordinary signification. Taking up each of them separately, we find that Webster defines a clerk to be one who is employed to keep records or accounts; a scribe; an accountant. And the Century Dictionary defines a clerk to be one who is employed in a shop or warehouse to keep records or accounts; one who is employed by another as a writer or amanuensis. The court cannot resist the conclusion that these definitions describe the intention of congress in its use of the word "clerk." Webster defines "servant" as being, among other things, a person who is employed by another for menial offices, or for other labor, and is subject to command; a subordinate helper. The Century Dictionary says that a servant is one who exerts himself or labors for the benefit of a master or employer; an attendant; a subordinate assistant. Bouvier's Law Dictionary adopts Webster's definition of this word, and it is also approved in the case of Flesh v. Lindsay, 115 Mo. 1, 21 S. W. 907. Bouvier adds to this definition that they are called menial servants from living infra moenia,—within the walls of the house,—and also says that persons that are laborers hired by the day's work or any longer time are not considered servants. While in general terms, therefore, any one is a servant who serves another, still the court is of opinion that congress used the word "servant" in section 64 of the bankruptcy act in the general sense given in the definitions above. Webster defines a workman to be a man employed in labor, whether in tillage or manufacture; a worker; hence, especially, a skillful artificer or laborer. The Century Dictionary gives the definition as a man who is employed in menial labor, whether skilled or unskilled; a worker; a toiler; specifically, an artificer, a mechanic or artisan, a handicraftsman. While Bouvier defines a workman generally as one who labors, one who is employed to do business for another, the court is of opinion that congress used the word "workman." in the section referred to, in the general sense covered by the definitions of the lexicographers above given. It seems to the court that none of those definitions cover such a "traveling salesman" as the creditor in this case describes himself to be. It might be difficult, and possibly undesirable, to attempt to define with too much precision the exact character of employé who would come within the language of section 64, but it seems to the court to be very clear that the claimant in this case is not a "workman," a "servant," or a "clerk," within the contemplation of that clause of the bankruptcy law. For these reasons, the decision of the referee is approved.