### In re GREENEWALD et al.

(District Court, E. D. Pennsylvania. February 21, 1900.)

#### No. 93.

BANKRUPTCY—PRIORITY OF CLAIMS—WAGES OF LABOR.

A traveling salesman is not a workman, nor a clerk or servant of his employer, within the meaning of Bankr. Act 1898, § 64b, cl. 4, according priority of payment out of bankrupts' estates to "wages due to workmen, clerks, or servants, which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant."

In Bankruptcy. On review of decision of referee in bankruptcy.

Samuel B. Huey, for petitioning creditor.
Charles Hoffman, for exceptant.

McPHERSON, District Judge. The question for decision certified to the court by the referee is whether a traveling salesman is a workman, clerk, or servant, within the meaning of section 64b, par. 4, of the bankrupt act, and is therefore entitled to priority of payment to the extent of $300. The referee followed In re Scanlan (D. C.) 97 Fed. 26, and rejected the claim of priority. I agree with the result reached by Judge Evans in that case, although I incline to believe that the meaning of "workmen, clerks or servants" may perhaps be somewhat more extensive than his opinion seems to allow. The scope of these words is to be determined, I think, not exclusively by the lexicographers, but in part, at least, by modern usage, which is continually modifying the content of words and phrases. "Clerk," for example, has come to include, not only a subordinate who writes letters or keeps books, but also a salesman in a retail store. Mr. Justice Fell, in Mulholland v. Wood, 166 Pa. St. 486, 31 Atl. 248, recognizes this enlargement of meaning, while declining to regard the phrase "Clerk employed in a store, or elsewhere," as broad enough to include a traveling salesman. The Pennsylvania statute which he was then considering is broader than the bankrupt act. The federal statute says "clerk," without more; and no one, I think, would understand that word, standing by itself, to include an employé whose duties call him habitually away from his employer's store or factory, and require him to travel frequently for the purpose of selling goods.

Nor would such an employé be ordinarily thought of as included in the word "workmen." The essential idea conveyed by this word,

99 F.—45

as commonly used, is the idea of a subordinate, whose occupation has nothing to do with correspondence or books of account, but requires him to use his hands to a considerable degree in manufacturing or building, or in similar pursuits. He may be skilled or unskilled; he may, or may not, be aided by tools or machinery; but he does not belong to the same class as the man that is neither making goods nor erecting buildings, nor accomplishing similar results, but is exclusively engaged in the sale of a finished product.

"Servants" is a more indeterminate word. It includes, I think, other than domestic servants, or those who receive small wages for doing work of an inferior grade; for the act contemplates that "servants" may be receiving at least $100 a month, and this sum of itself shows that the word is not narrowly restricted in its meaning. Where the line is to be drawn, I am unable to say. A particular context might indicate a very broad meaning indeed; for example, if one should speak of "an employer and all his servants," the sense there might well be, all who serve the employer in any capacity. But this cannot be the meaning in the paragraph under consideration. If it were, "clerks" and "workmen" would be superfluous, and therefore the use of the three words in one phrase seems to indicate that congress had in mind three classes of employés, substantially distinct, although here and there a particular employé might perhaps be properly included in more classes than one. A farm laborer might, I think, be indifferently regarded as a servant or a workman, and other examples will readily present themselves. Taking "servants," then, as used in the act, to refer to a restricted class of subordinates, I am of opinion that the common usage of the word does not permit the inclusion of a traveling salesman.

There is some hardship in this result, for the act apparently gives priority to a salesman or clerk who sells at retail in a store, but does not give priority to a salesman who sells in large quantities to customers elsewhere. The conclusion seems inevitable, however, if the ordinary meaning of the words is to prevail.

The decision of the referee is approved.