In re MAYER.

(District Court, E. D. Wisconsin. April 30, 1900.)

BANKRUPTCY—PRIORITY OF CLAIMS—WAGES OF LABOR.

A claim against a bankrupt merchant by one who acted as his agent in making sales of his goods on a stipulated commission is not entitled to priority of payment out of the estate in bankruptcy, commissions so earned not being included in the language of Bankr. Act 1898, § 64b, cl. 4, giving priority to "wages due to workmen, clerks or servants."

In Bankruptcy. On claim filed by Peter Shepero for $99.98, as entitled to priority in payment as wages due under section 64b of the bankrupt act, which was allowed by the referee as an indebtedness, but disallowed for priority, and the question thereupon certified for the opinion of the district judge.

M. N. Lando, for petitioner.

Bloodgood, Kemper & Bloodgood, for trustee.

SEAMAN, District Judge. The testimony of the claimant is not clear, and is far from satisfactory, either as to the terms or the fact of his service, but the referee gives to the claimant the benefit of the most favorable construction the testimony will bear, namely, that the bankrupt promised to pay him absolutely $5 per week for services, and to further pay a commission of 5 per cent. on the amount of all sales made by him; that he was not engaged in selling goods over the counter in the store, but any commissions were earned outside the store in hunting up purchasers of goods. The fixed wages at five dollars per week were fully paid, and the claim is for commissions alleged to be due upon two transactions of sale to jobbers within three months prior to the commencement of the bankruptcy proceeding, in which the participation of the claimant is indefinitely stated. What service was rendered about the store or business for the several weeks during which the wages were paid does not appear, but the claimant states that he was engaged in selling goods for various parties about the city, and brought the purchasers in question to the bankrupt. On this version of the transactions the commission service was merely an incidental agency in procuring customers, with no obligation to serve, and the claim is not one entitled to priority, within the meaning of the act, as "wages due to workmen, clerks or

servants." Bankr. Act 1898, § 64b, cl. 4. See In re Greenewald (D. C.) 99 Fed. 705, and In re Scanlan (D. C.) 97 Fed. 26, for definitions of these terms. However the rule may be held in reference to traveling salesmen in the service of a bankrupt and on salaries, I am clearly of opinion no construction is admissible which would grant priority to these commission claims. On behalf of claimant, Conlee Lumber Co. v. Ripon L. & M. Co., 66 Wis. 481, 29 N. W. 285, and Palmer v. Van Santvoord (N. Y. App.) 47 N. E. 915, are cited, but neither case furnishes support for the contention. On the contrary, the Palmer Case approves the ruling in People v. Remington, 45 Hun, 329, which appears to be directly in line with this opinion. The ruling by the referee is approved.