## ANNIE WILLIAMSON, Respondent, v. CLEMENS ECKHOFF, Appellant.

**St. Louis Court of Appeals, November 3, 1914.**

1. **EVIDENCE: Reputation: Libel and Slander.** As a general rule, the character of neither party may be inquired into in a civil action, unless it is assailed; but evidence tending to establish plaintiff's reputation is admissible in an action for slander, as bearing on the assessment of damages.

2. **LIBEL AND SLANDER: Evidence: Reputation.** In an action for slander in charging plaintiff with being a prostitute, evidence that her reputation for morality and chastity. was good, was admissible on the question of damages, although defendant did not attack her reputation.

3. ———: **Damages: Excessiveness of Recovery.** In an action for slander in charging plaintiff with being a prostitute, *held* that a verdict for $5000 against defendant, who was admittedly worth $200,000, was not excessive.

4. ———: **Evidence: Condition in Life.** In an action for slander, evidence of the condition in life of both plaintiff and defendant is admissible as bearing on the question of damages.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock*, Judge.

AFFIRMED.

*George W. Lubke* and *George W. Jubke, Jr.*, for appellants.

(1) The trial court erred in admitting against the objections and exceptions of defendant the evidence to show that prior to the alleged speaking by the defendant of the words charged in the petition the plaintiff bore a general good character and a good character for morality and chastity. Odgers on Libel and Slander (4 Ed.), 366; Townshend on Slander and Libel (4 Ed.), 645, 646; Newell on Slander and Libel (2 Ed.),

823; Jones on Evidence (2 Ed.), sec. 158; Hitchcock
v. Moore, 70 Mich. 112; Harbison v. Shook, 41 Ill. 141;
Miles v. VanHorn, 17 Ind. 245. (2) When a verdict
in a libel or slander suit exceeds as to amount the
limit of reason it must be treated as without evidence
to support it or as the result of passion or prejudice
on the part of the jurors; and a retrial of the case
should then be ordered by the appellate court so that
another jury may pass upon it. Adams v. Railroad,
100 Mo. 569; Cook v. Railroad, 94 Mo. App. 425; Cook
v. Globe Printing Co., 227 Mo. 564 to 616 (dissenting
opinions of LAMM and GRAVES, JJ.); Portello v. Rail-
road, 217 Mo. 658. And in every case where the ver-
dict is excessive, although no passion or prejudice
appears, it is now the rule in this State that such a
verdict will be set aside, unless the plaintiff will re-
mit to what is reasonable. Cook v. Globe Printing
Co., 227 Mo. 471; Sotherin v. Drovers Telegram Co.,
239 Mo. 606; Campbell v. United Railways Co., 243 Mo.
163; Yost v. Railroad, 245 Mo. 219; O'Flanagan v.
Railroad, 145 Mo. App. 285; Kirby v. Railroad, 146
Mo. App. 305; Stokes v. Street Railroad Co., 173 Mo.
App. 680; McClosky v. Pulitzer Publishing Co., 152
Mo. 339.

*Emerson E. Schnepp* and *Horatio P. Belt* for re-
spondent.

(1) In actions of slander it is well settled that
the plaintiff's general character is involved in the
issue and that she may therefore prove in her direct
case that her general reputation for chastity and vir-
ture is good: (a) To support the presumption that
it is good, for when presumption constitutes proof
of matter which is put in issue, the party who is pro-
tected is not compelled to rely upon it if she has
better and more conclusive evidence. (b) Because
cases of slander and libel are exceptions to the general

rule forbidding such proof in civil actions. (c) To enhance damages. Stark v. Pub. Knapp & Co., 160 Mo. 529; Vawter v. Hultz, 112 Mo. 633; Southam v. Telegram Co., 239 Mo. 606; Polston v. See, 54 Mo. 291; Black v. Epstein, 221 Mo. 286; Bennett v. Hyde, 6 Conn. 24; Williams v. Hay, 3 Rich. Law (So. Car.) 362; King v. Sassmann (Tex. Civ. App. 1901), 64 S. W. 937; Adams v. Lawson, 17 Gratt. (58 Va.) 250; Shroyer v. Miller, 3 W. Va. 158; Larned v. Buffington, 3 Mass. 546; Wolcott v. Hall, 6 Mass. 514; Sample v. Wynn, Busbee Law R. (N. Car.) 319; 2 Greenleaf Evidence, sec. 275. (2) The verdict for five thousand dollars in this cause is not excessive, nor the result of passion or prejudice on the part of the jury against the defendant. Buckley v. Knapp, 48 Mo. 152; Polston v. See, 54 Mo. 291; Trimble v. Foster, 87 Mo. 49; Breyhill v. Norton, 175 Mo. 206; Cook v. Globe Printing Co., 227 Mo. 471.

ALLEN, J.—This is an action for slander. The petition charges that the defendant "contriving wickedly, maliciously and falsely, to ruin and defame the plaintiff in her good name and reputation, and to bring her into disgrace and infamy, did, on the 26th day of July, 1911, in the city of St. Louis, State of Missouri, in the presence and hearing of Jesse Burke, and various other good people of the city of St. Louis, State of Missouri, while directly facing the plaintiff and shaking his finger at her, then and there, falsely and maliciously speak and publish of and concerning the plaintiff and of and concerning a charge of whoredom, the following false, scandalous and defamatory words, that is to say, 'Whose children are those? where is your husband, where is your husband? you have no husband; you are a big fat whore, you are a big fat whore, you are a big fat whore.' "

The answer is a general denial.

The cause was tried before the court and a jury, resulting in a verdict and judgment for plaintiff in the sum of $5000, and the defendant appeals.

The evidence is overwhelming in proof of the uttering by defendant of the slanderous and defamatory words alleged in the petition. It appears that defendant is the owner of a factory in the city of St. Louis, as well as of some nearby residence property, certain windows of the factory building overlooking the front yards of the houses in question. On the day of the alleged slander, plaintiff was visiting a Miss Burke, who with her mother and brothers occupied one of defendant's said houses, remaining until evening. It is at the front gate of these premises that the slanderous words are said to have been spoken.

From the evidence adduced in plaintiff's behalf it appears that shortly after six o'clock the defendant appeared at a window of his factory and called "Hey! Hey!" to some one, and then addressed a Mrs. Mundt, who was sitting with her children upon a lawn bench in the adjoining yard, also defendant's property, applying to her, it is said, the same opprobrious term later applied to plaintiff, though Mrs. Mundt testifies that she did not understand what he then said; that following this the defendant came out of his factory and walked down the street passing these premises; that at this time plaintiff was standing in the doorway of the house in which she was visiting, and when defendant reached the front gate of the yard to these premises he stopped, and, looking at plaintiff, and shaking his finger at her, said: "Strange face; strange face; never seen that face before; never seen that face before," and then added the slanderous and defamatory words averred in the petition. Plaintiff's version of the matter is thoroughly corroborated by the testimony of her witnesses.

On behalf of defendant one witness, Mr. Mundt, who it is said was called out of his house by his wife

when the defendant approached her premises, testified that he did not hear the slanderous words uttered. Another witness for the defendant heard enough thereof to understand the purport and tenor of the same, but stated that he did not know to whom they were addressed.

The defendant, testifying in his own behalf, denied that he said anything to plaintiff, or to anyone standing in Mrs. Burke's doorway, that evening. When asked on cross-examination as to uttering the slanderous words he said that he did not remember; though he stated: ''When I am angry I sometimes say most anything.''

There are but two assignments of error before us. One of these pertains to the action of the trial court in admitting, over defendant's objections, testimony tending to establish plaintiff's good character, and particularly her reputation for morality and chastity; the defendant not having attacked plaintiff's character, either by his pleading or at the trial. Appellant insists that such evidence was inadmissible for any purpose, under the circumstances, citing: Odgers on Libel & Slander (4 Ed.), p. 366; Townshend on Libel & Slander (4 Ed.), pp. 645, 646; Newell on Libel & Slander, p. 823; Jones on Evidence (2 Ed.); as well as certain decisions of the courts of other States.

It is true that, in civil actions, in general, the character of neither party may be inquired into, until assailed. And whether in an action for slander or libel the plaintiff may, to augment the recovery of damages, introduce evidence of good reputation prior to the speaking or publication of the words complained of, is a question upon which the authorities do not agree. See Townshend on Slander & Libel, sec. 387, p. 646, supra, where authorities on both sides of this proposition are cited in the footnotes.

That there is a contrariety of authority on this question cannot be denied; and it only remains to see

what view of the matter has been taken by our own courts.

In Vawter v. Hultz, 112 Mo. l. c. 639, 20 S. W. 689, it is said:

"In civil actions the character of neither party, until assailed, can be inquired into, 'unless it is put in issue by the nature of the proceeding.' . . . It is so put in issue in that class of cases such as libel, slander, etc., in which its value is to be considered in assessing the damages."

In Dudley v. McCluer, 65 Mo. l. c. 243, quoting from Porter v. Seiler, 23 Penn. St. 424, it is said:

"Putting character in issue is a technical expression, which does not mean simply that the character may be affected, but that it is of particular importance in the suit itself as the character of plaintiff in an action of slander, or that of a woman in a suit for seduction. The jury are, by law, permitted to consider it in assessing damages, and it is in that sense that it is said that 'the nature of the action puts the character in issue.' "

These rulings were followed in Stark v. Pub. Knapp & Co., 160 Mo. 529, 61 S. W. 669, where it is said, l. c. 550:

"The rule to be deduced from the weight of authority, and recognized in this State, seems to be, that while proof of plaintiff's good character is not admissible in the first instance as evidence tending to prove that he was not guilty of the matters with which he is charged in the publication, it is so admissible as bearing upon the question of damages to be assessed therefor in the event that the jury should so find."

And the last mentioned case is quoted from approvingly in Black v. Epstein, 221 Mo. l. c. 305, 120 S. W. 754.

This court in Yager v. Bruce, 116 Mo. App. 473, 93 S. W. 307; and in Gordon v. Miller, 111 Mo. App. 342, 85 S. W. 943, recognized this doctrine as being

fully established by our Supreme Court, and followed the Stark, Dudley and Vawter cases, supra.

Under these authorities we think it clear that the trial court did not err in admitting the testimony in question; that it was admissible, not for the purpose of proving the falsity of the slanderous charge, but to be considered in assessing the damages. We therefore rule this assignment of error against the appellant.

The only remaining assignment of error pertains to the amount of the verdict. It is urged that the trial court should have set aside the verdict as being so excessive as to appear upon its face to be the result of passion and prejudice on the part of the jury which returned it; and we are asked to reverse the judgment upon this ground. It is unnecessary to review the authorities cited in support of this contention. We are unable to agree with learned counsel for appellant that the verdict is, upon its face, grossly excessive. In the concurring opinion of WOODSON, J., in Cook v. Globe Ptg. Co., 227 Mo. 564-616, 127 S. W. 332, it is said:

"The Constitution . . . makes the jury in all such cases, under the direction of the court, the judges of the law and the triers of the facts; and in the case at bar, all members of the court agree that the trial court correctly directed the jury as to the law of the case, and that the article published is libelous; and under those facts and circumstances the jury should be granted a wide range in estimating and fixing the damages."

In view of the nature of the defamatory words uttered, and all of the circumstances shown in evidence, we do not regard the verdict as being such as to warrant any interference by this court. It appears that plaintiff suffered great humiliation and distress from the speaking of the slanderous words in question. Defendant, it seems, is a man of wealth and influence. It was admitted at the trial that he was worth at

least $200,000. And his condition in life, as well as that of plaintiff, is a proper subject of inquiry on the question of damages. [See Buckley v. Knapp, 48 Mo. 152; Polston v. See, 54 Mo. 291; Trimble v. Foster, 87 Mo. 49; Sotham v. Telegram Co., 239 Mo. l. c. 621, 144 S. W. 428.] Under all of the facts in evidence we find no fault with the amount of the verdict.

We think that the judgment should be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.