### RITEPOINT CO. v. SECRETARY PEN CO., Inc.

### Civ. No. 646–49.

United States District Court
D. New Jersey.

Oct. 24, 1950.

Gross, Blumberg, Mehler & Goldberger, Newark, N. J., for plaintiff.

Kein & Scotch, Union, N. J., for defendant.

SMITH, District Judge.

This is a civil action for infringement of a patent. The action is before the Court at this time on the motion of the defendant to strike the written interrogatories served upon it by the plaintiff under the Federal Rules of Civil Procedure, Rule 33, 28 U.S. C.A.

The plaintiff filed a complaint in which it charged the defendant with the infringement of a certain patent; the allegations of the complaint are in the usual, general language. The defendant filed an answer in which it denied infringement and stated the usual defenses, to wit, invalidity of the patent, lack of invention, anticipation, etc. Thereafter the plaintiff served upon the defendant the written interrogatories now before the Court.

---

458

■ There are eight interrogatories, each of which, except the first, is directed to the defenses stated by the defendant in its answer. It seems unnecessary to consider each of the interrogatories; they are of the same general nature and subject to the same objection. The plaintiff does not seek the discovery of evidentiary facts germane to the subject matter of the action but a complete disclosure in advance of trial of the evidence which "will be offered" by the defendant in support of the defenses. It has been held that interrogatories of this character are objectionable. Aktiebolaget Vargos v. Clark, D.C., 8 F. R.D. 635, 636.

■ We agree that the rule must be liberally construed and so applied as to permit the discovery of facts "relevant to the subject matter." It is our opinion, however, that the rule should not be so applied as to require a party to prepare for his adversary, and in advance of trial, a complete summary of the evidence which will be presented at the trial of the action on the merits.

This is not a case in which the plaintiff finds itself unable to prepare for trial because of the vague and indefinite allegations contained in the answer. The allegations of the answer are specific and meet the requirements of the patent laws. 35 U.S.C.A. § 69. The prior art references upon which the defendant apparently intends to rely are particularized and sufficiently identified. The defendant should not be required to further particularize the references it "will offer in evidence at the trial."

It is here suggested that an appropriate use of the pretrial procedure under Rule 16, 28 U.S.C.A., will simplify the issues and avoid surprise at the trial, the apparent object of the present interrogatories. The references upon which the defendant relies may be submitted and marked in evidence at the pretrial conference. The other references particularized in the answer may then be abandoned.

The motion to strike the interrogatories is granted. The defendant shall prepare and submit to the Court, on notice to the plaintiff, a proper order.