**BRAYTON et al. v. CROWELL–COLLIER PUB. CO.**

United States District Court
S. D. New York.

Dec. 14, 1951.

On Reconsideration March 1, 1952.

Isaac W. Digges, New York City, for plaintiffs.

Moynihan & McKeown, New York City, for defendant.

DIMOCK, District Judge.

Defendant moves to limit interrogatories served by plaintiffs.

The action is one for libel. Plaintiffs allege that an article in Collier's magazine injured their reputation. Defendant pleads truth and fair comment.

Plaintiffs have served thirty-two interrogatories many of which contain from three to ten subdivisions. Objection is made to nineteen of the interrogatories.

The interrogatories to which objection is made are of four classes:.

1. With respect to advertisements of Collier's containing representations by defendant.

2. With respect to comments received by defendant on the article.

3. With respect to the information which defendant has to support the claim of truth of the published article.

4. With respect to the financial condition of defendant.

■ 1. The interrogatories with respect to advertisements published by defendant are numbers 6 and 7. They seek a statement of any representations made in any such advertisements relative to: (a) the editorial policies, content and nature of Collier's magazine; (b) the quantitative and qualitative circulation and readership of the magazine and (c) the record and reputation of Collier's magazine for accuracy and authenticity.

Defendant objects on the ground that such representations are irrelevant.

To begin with, a representation as to the quantitative circulation and readership of the magazine would be an admission of a fact relative to the damages.

Likewise, the character of the readers of the magazine bears upon the damages suffered by plaintiffs.

The "editorial policies, content and nature" of the magazine are also highly relevant on the question of damages. A libel in an avowedly humorous magazine might be comparatively harmless even though the same material published in a serious magazine would be extremely prejudicial. The same consideration leads to the same result in the case of "the record and reputation of Collier's magazine for accuracy and authenticity".

The objections to this first class of interrogatories are overruled.

■ 2. The interrogatories with respect to comments received by defendant on the article are numbers 8, 9 and 10.

Defendant objects on the ground that any evidence of this character would be incompetent. It is said that anything said by third parties in letters would be hearsay.

That might be true in the ordinary case but, in a libel case, where one question is the effect of the alleged libel on its readers the question is one as to the state of mind of the readers and that can be proved by second-hand proof of the declarations of the readers. Mutual Life Insurance Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L. Ed. 706.

While defendant does not raise the question, it is noteworthy that evidence of this character in libel cases, while competent, is relevant as well. Mattox v. News Syndicate Co., 2 Cir., 176 F.2d 897, 12 A.L.R.2d 988, certiorari denied 338 U.S. 858, 70 S.Ct. 100, 94 L.Ed. 525.

The objections to this second class of interrogatories are overruled.

3. The interrogatories with respect to the information which defendant has to support its claim of truth of the published article are numbers 19–30 inclusive and number 32.

Defendant objects on the ground, among others, that these interrogatories are nothing more or less than a demand that defendant furnish plaintiff all the evidence to support the defense of truth that defendant possesses.

Among the other grounds on which defendant objects to these interrogatories is the fact that the information requested is described in the interrogatories as that *claimed* by defendant to exist. See Ryan v. Lehigh Valley R. Co., D.C., 5 F.R.D. 399. Since that objection could easily be eliminated by the omission of the offending word and since the first objection seems to me well taken I do not pass upon it.

Turning back to the first objection, the effect of defendant's affirmative defense of truth is this: "We admit that we published the article (that admission, of course, including all reasonable inferences from the article) but we say that the article (with all reasonable inferences from it) is true." This is tantamount to pleading the contents of the article as matter of fact.

By the interrogatories, plaintiff says: "Tell us what you have to support the allegations of fact in your affirmative defense."

As was said in Ritepoint Co. v. Secretary Pen Co., Inc., D.C., 94 F.Supp. 457, 458, "The plaintiff does not seek the discovery of evidentiary facts germane to the subject matter of the action but a complete disclosure in advance of trial of the evidence which 'will be offered' by the defendant in support of the defenses. It has been held that interrogatories of this character are objectionable."

Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635 is in accord.

4. The only interrogatory with respect to the financial condition of defendant is number 31.

▆▆ Defendant objects that evidence of the defendant's financial condition is irrelevant in a libel action.

The law in Missouri is to the contrary. Taylor v. Pullen, 152 Mo. 434, 53 S.W. 1086; Lonergan v. Love, 235 Mo.App. 1066, 150 S.W.2d 534; Hickman v. Nelson, Mo.

App., 211 S.W. 131; Williamson v. Eckhoff, 185 Mo.App. 234, 170 S.W. 322; see also Sotham v. Drovers Telegram Co., 239 Mo. 606, 144 S.W. 428, at page 432.

Plaintiffs in this case are an individual resident in Missouri and a corporation incorporated and doing business there. Collier's magazine circulates there. Hence some of the damage, if damage there was, arose in Missouri. Under those circumstances, the law of Missouri applies to that part, at least, of the damages that arose in Missouri. Mattox v. News Syndicate Co., 2 Cir., 176 F.2d 897, supra.

The objection to this fourth class of interrogatories is overruled.

Order signed.

### On Reconsideration.

This is a motion for reconsideration of a motion by defendant to strike out interrogatories in a libel action in which defendant had pleaded as defenses truth and fair comment.

On reconsideration I have come to the conclusion that I was wrong in granting defendant's motion to strike out interrogatories 19–30 inclusive and 32. They were stricken out on the ground that courts should not countenance an interrogatory asking for all of the evidence that a defendant possesses to support a defense of truth in a libel action. Whether or not a demand stated in those terms should be refused, the demand here was not so stated. Here the demand asked for information with respect to various occasions "upon which defendant claims" that plaintiffs did the things which plaintiffs say that defendant charged them with in the alleged libel. The interrogatories fully describe these things in detail.

▆▆ As I intimated in my original memorandum, a defendant should not be required to commit itself expressly as to what it "claims". Aktiebolaget Vargos v.

Clark, D.C., 8 F.R.D. 635; Ritepoint Co. **v.** Secretary Pen Co. Inc., D.C., 94 F.Supp. 457; New England Air Express, Inc. v. Esso Standard Oil of Puerto Rico, 16 F. R.S. 33.342, Case 3. That however is not the substance of what plaintiffs want here. What plaintiffs want can be given and the express commitment can be avoided by substituting in the interrogatories for the words "upon which defendant claims that" the words "upon which defendant has information that".

It is true that defendant by answering interrogatories so amended would still commit itself to some extent. For instance, I have no doubt that plaintiffs would be entitled to relief of some kind if, after giving certain information in response to the interrogatories, defendants offered at the trial evidence to the contrary. Such a commitment, however, is not nearly as strong as that which used to be accomplished by the now abolished bill of particulars and courts are certainly no less willing now to require pretrial definition of the issues than they were in the days of the bill of particulars. I do not think that the interrogatories, if amended as suggested, can be regarded as oppressive.

If plaintiffs so desire, the order to be entered on this application may amend the interrogatories as suggested.

Interrogatories 19–30 as so amended will be allowed.

Interrogatory 32 largely duplicates interrogatories 19–30 as amended but defendant can without hardship incorporate by reference under No. 32 the information already given under Nos. 19–30.

Interrogatory 32 requests in addition a statement of all efforts undertaken prior to publication of the alleged libel to ascertain the truth of certain matters. This subject matter is relevant to the question of good faith which the pleadings raise.

Interrogatory 32 also will therefore be allowed.

Settle order on notice.