## GERBER

v.

## UNITED STATES LINES CO.

United States District Court
S. D. New York.
March 30, 1954.

Klein & Ruderman, New York City, Morris Hirschhorn, New York City, of counsel, for plaintiff.

Kirlin Campbell & Keating, New York City, Robert F. Walsh, Brooklyn, N. Y., of counsel, for defendant.

DIMOCK, District Judge.

Plaintiff moves for an order sustaining his exceptions to certain interrogatories propounded by defendant on the ground that they improperly seek contentions and conclusions of law.

This is a seaman's action for personal injuries. Paragraph Seventh of the complaint reads as follows:

"The aforesaid occurrence was due solely to the negligence of the defendant; the fault, neglect and carelessness of the officers and fellow seamen aboard the vessel; the failure of the defendant to keep and maintain the vessel, its appurtenances and equipment in a reasonable state of repair; and defendant's failure to take any means or precautions for the safety of the plaintiff in failing to provide the plaintiff with a reasonably safe place wherein to work; and in addition thereto plaintiff was caused to fall over the hauling part of a guy wire on the starboard side of the No. 4 hatch, sustaining severe and serious personal injuries."

Defendant argues that the purpose of the contested interrogatories is particularization of these general allegations of negligence and further contends that questions seeking contentions and conclusions of law are not objectionable when sought for that purpose.

The bill of particulars has been abolished on the theory that its purpose can be achieved under the Federal Rules by pre-trial discovery. See 2 Moore, Federal Practice (2d ed.) § 12.17. A number of decisions have held objectionable interrogatories which seek the claims of an adverse party on the ground that only the actual facts and not the claimed facts are the proper subject of pre-trial discovery. See, for example, Ryan v. Lehigh Valley R. Co., D.C.S.D.N.Y., 5 F.R.D. 399, 400. Some courts have been reluctant to require parties to commit themselves to a particular theory in advance of trial. See cases cited in Brayton v. Crowell-Collier Pub. Co., D.C.S.D.N.Y., 12 F.R.D. 325, 327–28.

One of the purposes of pre-trial discovery is to narrow and simplify the issues. To this end, particularly in patent suits, some courts have allowed interrogatories seeking the claims of an adverse party where the pleadings were extremely broad. See Chenault v. Nebraska Farm Products, D.C.D.Neb., 9 F.R.D. 529, 531.

In view of the generality of the allegations of negligence in the complaint, defendant is entitled to some indication of plaintiff's present information about the cause of the accident without foreclosing plaintiff from relying on any additional information which may be uncovered later. Cf. 4 Moore, Federal Practice (2d ed.) 2312.

In order to protect the plaintiff, I shall follow the practice which I prescribed in Brayton v. Crowell-Collier Pub. Co., D.C., 12 F.R.D. 325, 328. I shall allow interrogatories Eleventh, Twelfth, Thirteenth provided "according to your information" is substituted for "you claim" in interrogatory Eleventh and interrogatory Sixteenth provided "If you have any information" is substituted for "If you make any claim" and "such information" is substituted for "each such claim".

The objection to interrogatory Fifteenth was withdrawn on the argument.

Settle order on notice.