**UNITED STATES of America,
Plaintiff,**

v.

**PROCTER & GAMBLE COMPANY et al.,
Defendants.**

Civ. A. No. 1198–52.

United States District Court
D. New Jersey.

May 23, 1960.

See also 180 F.Supp. 195; 19 F.R.D. 149.

cretion of the Court, in the light of all the circumstances. Not only is the nature of the case an important circumstance, but so is the number of interrogatories, their nature, and the need for the use of interrogatories to discover, on the one hand, the facts of the case or to learn where such facts are available, or, on the other hand, to narrow the issues of fact, same being the primary purposes of interrogatories, Aktiebolaget Vargos v. Clark, D.C.D.C.1949, 8 F.R.D. 635.

———◆———

Chester A. Weidenburner, U. S. Atty., by Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., Miss Margaret Brass, Antitrust Division, Dept. of Justice, Washington, D. C., for plaintiff.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., Cahill, Gordon, Reindel & Ohl, by Mathias Correa, New York City, for Colgate-Palmolive Co.

Bailey & Schenck, Newark, N. J., Arnold, Fortas & Porter, by Abe Fortas, Washington, D. C., for Lever Brothers Co.

Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., Royall, Koegel, Harris & Caskey, by Kenneth C. Royall, New York City, Dinsmore, Shohl, Dinsmore & Todd, by Joseph Dinsmore, Cincinnati, Ohio, Taft, Stettinius & Hollister, by Charles Sawyer, Cincinnati, Ohio, for Procter & Gamble Co.

Davies, Richberg, Tydings, Landa & Duff, by Shelby Fitze, Washington, D. C., McCarter & English, Newark, N. J., for Association of American Soap & Glycerine Producers, Inc.

**HARTSHORNE, District Judge.**

The question here is as to the propriety of the truly voluminous interrogatories now directed to plaintiff jointly by the manufacturing defendants, on the one hand, and by the Association defendant, on the other, in this Government antitrust civil case.

When all is said and done, this question is one directed to the sound dis-

The number of these interrogatories presently amounts to some 2,500, including their subdivisional questions, and the manufacturing defendants state they have in mind adding some 300 or 400 more to cover a different area than those covered by the present interrogatories. These interrogatories vary in form from a simple question to others each of which has a long series of subdivided questions covering several typed pages of legal cap. These questions go not only to show which of the defendants participated in one way or another in the occasions, acts or events on which the Government relies as showing the alleged conspiracy to fix prices and to monopolize, in violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, but also go so far as to specify not only the exact subject matter discussed on any such occasions or events, but the substance of what was stated separately by each participant on any such occasion or event. In short, defendants' interrogatories extend into the most meticulous details of plaintiff's trial evidence.

True, at the insistence of the Court, the parties have conferred in regard to the solution of this interrogatory problem, and these conferences have resulted in defendants' elimination voluntarily of certain of their questions, and their agreement to eliminate such others as may be shown to have been answered in substance, either now or previously. In addition, plaintiff has agreed, as a result of these conferences, to answer certain other interrogatories, and at a recent

hearing before this Court plaintiff has specifically agreed that it will furnish all defendants with the names of all persons whom it has reason to believe "have knowledge of the facts" within the issues in this case. Further, under the pretrial orders of this Court, plaintiff has listed to defendants the literally hundreds or thousands of documents, mostly coming from defendants' own files, on which it expects to rely at trial, and has even assigned such documents to the specific issues to which they are alleged to pertain. Nevertheless, the net number of interrogatories with which defendants have now faced plaintiff, and as to which plaintiff objects, still substantially exceeds 1,000.

In determining whether plaintiff should be compelled to answer these thousand and more interrogatories, it must also be borne in mind that under the pretrial orders of this Court all parties concerned have been compelled to file their written statements of their respective Theories of the Case. This Statement of the Theory of the Case by plaintiff covers over 50 typewritten pages, carefully subdivided into the various angles of the case, according to plaintiff's theory, such as, Fixing the Price of Glycerine, Eliminating Competitive Practices, Restraining and Monopolizing Trade in Household Soaps and Synthetic Detergents, Pooling and Sharing Patents, Limiting Competition in Advertising and Promotional Devices, Banning Certain Promotional Activities, Controlling Purchase Prices of Tallow and Grease, Elimination of Price Competition in Products, Extent of the Defendants' Power over Price, Power to Exclude Competition, Defendants' Intent to Restrain and to Monopolize. As stated above, all the documents on which plaintiff expects to rely have been carefully keyed to these respective angles of the case.

 Such being the procedural situation as pertinent to this interrogatory problem, we should bear in mind the well settled principles as to interrogatories that same should not be used to enumerate a series of items of evidence which would prove some ultimate fact, and should not cover issues of law, *Aktiebolaget*, supra. This first impropriety is exhibited by defendants' interrogatories repeatedly, for a single instance, in calling for what each participant at a certain conference may have said regarding a particular issue in the case. On the other hand, an interrogatory requiring plaintiff to specify which defendants were represented at such conference and participated therein is not a mere evidential detail, but indicates the basically important point as to which defendants are and which defendants are not, responsible for what is alleged to have occurred on that occasion, bearing as that does on the alleged violations of the Sherman Act. Again, if plaintiff knows of any outsiders present on that occasion or event, it can without difficulty add their names to the above, and thereby greatly convenience the defendants in their undoubted further investigation of the individuals whom plaintiff will list to defendants as having knowledge of the facts in that area. Furthermore, it would seem reasonable for plaintiff to specify the general nature of the topics discussed on such occasions or events, both to aid such further investigation by defendants as to such individuals, and to key in that investigation with plaintiff's Statement of its Theory of the Case, already furnished defendants.

██ On the other hand, for plaintiff to be compelled to furnish in specific detail the exact nature and limits of the topics discussed on such occasions or events, let alone the portion of such topics discussed by each individual participant, would be unduly burdensome, unnecessary, and contrary to the rule above set forth. That same is contrary to the general rules governing interrogatories, as stated above, is obvious. Since plain-

tiff has already furnished defendants with all its documents, properly keyed to the general topic discussed, and since plaintiff will shortly furnish defendants with the names of all those having knowledge of such facts, it is quite unnecessary for defendants to interrogate as to such details of evidence. There can be little question but what defendants will pursue their investigation of these persons having knowledge of such facts, either formally or informally, as occasion may require, and bearing in mind that probably the bulk of such persons are defendants' own employees. Indeed, insofar as such persons are outsiders, it will undoubtedly be more to the advantage of the defendants to obtain their unprepared answers to questions on deposition or even personal inquiry, rather than answers to interrogatories as carefully prepared by plaintiff. Thus there is no real reason to interrogate plaintiff as to the above evidential details. There being no reason therefor, to do so would be unduly burdensome as a duplication. Moreover, since plaintiff has already furnished the list of documents on which it expects to rely at trial, and has agreed to furnish the list of individuals whom it has reason to believe have any knowledge of the facts material to the issues in this case, interrogatories to those ends need not be answered, as already covered and moot.

■ The further principle applies to interrogatories that they are not to be asked as to the identity of trial witnesses, *Aktiebolaget*, supra, as distinguished from those having knowledge of relevant facts. Thus defendants' interrogatories as to witnesses must be stricken. However, that will not prevent the parties in due course from furnishing each other well before trial with the names of the witnesses each intends to call at trial. This is already covered by pretrial order in this cause, in order that the other side may make proper investigation as to such witnesses, in order to avoid surprise.

In order to clarify the applicability of the above principles to the extremely numerous interrogatories still outstanding, the Court suggested that the parties select from such interrogatories as a whole typical examples of their interrogatories generally, and on these examples, the Court would then rule. The parties thereafter could apply such rulings to their similar voluminous interrogatories in bulk. This suggestion, of benefit to all concerned, the Court included, was accepted by the parties, with the following result:

The manufacturing defendants, whose interrogatories were joint, have agreed with plaintiff for the Court to use as such examples their interrogatories numbered 5, 71, 87, 109, 192, 198, 200, 204, 220, 224, 229, it being understood that these numbers include all subdivisional interrogatories thereunder. The Association defendant has agreed with plaintiff that the following shall be considered as examples of its interrogatories to be ruled on by this Court: II, subdivisions 17, 18, 20, 21 only, V, subdivisions 4, 8, 11, 12 only, and VI, subdivisions 4, 5, 13 only. In addition, Interrogatory I, subdivision 6, is submitted by plaintiff for ruling, not as a typical example of the Association's other questions, but as a distinct type of inquiry.

It would unduly extend the opinion of the Court to quote the substance of the interrogatories included in the above numbered examples, and also be quite unnecessary to do so, since all parties have such numbered examples before them. The Court therefore appends hereto its rulings as to whether such numbered examples and their subdivisions are to be answered or to be stricken, it being understood by all concerned that such rulings of the Court are to be applied not only to such numbered interrogatories respectively, but in similar fashion to all the rest of such defendants' interrogatories as typified by such examples. Additionally, the Court's ruling on the As-

sociation's Interrogatory I, subdivision 6, is included in the appendix hereto.

### Appendix

The term "In" indicates plaintiff is to answer the particular interrogatory. The term "Out" indicates that particular interrogatory is stricken. The term "Moot" indicates such interrogatory has been made available by prior agreement between the parties. In certain questions, the Court indicated that the plaintiff was to provide the answer, but only in the manner indicated.

Manufacturing Defendants

5. (a) In
 (b) In
 (c) In
 (d) In
 (e) In, but change the word "particularized" to "generalized"
 (f) Out
 (g) Moot
 (h) Moot

71. (a) In
 (b) In
 (c) In
 (d) In
 (e) Moot
 (f) Moot
 (g) Out
 (h) Out
 (i) Out

87. (a) (i) In
 (ii) In
 (iii) In
 (iv) In
 (v) Out
 (vi) Out
 (vii) Out
 (viii) Out
 (ix) Out
 (x) Moot
 (xi) Moot

87. (b) (i) In
 (ii) In
 (iii) In
 (iv) In
 (v) In
 (vi) Out
 (vii) Moot
 (viii) Moot

109. (a) In
 (b) In
 (c) In
 (d) In
 (e) In
 (f) Out
 (g) Out
 (h) Out
 (i) Out
 (j) Out
 (k) Moot
 (l) Moot
 (m) Out
 (n) Out

192. In

198. (a) In
 (b) In
 (c) In
 (d) In
 (e) Out
 (f) Out
 (g) Out
 (h) Out
 (i) Out
 (ii) Out
 (iii) Out
 (i) Moot
 (j) Moot

200. (a) In
 (b) In
 (c) In
 (d) In, but change "particularized" to "generalized"
 (e) Moot
 (f) Moot

204. (a) In
 (b) In
 (c) In
 (d) In
 (e) In, except change "precise nature" to "general nature" and "particularized description" to "generalized description"
 (f) Out
 (g) Out
 (h) Out (all subdivisions)
 (i) Out

(j) Moot
(k) Moot
220. (a) In
(b) Out
(c) Out (all subdivisions)
(d) Out (all subdivisions)
(e) Out
(f) Moot
(g) Moot
224. (a) In
(b) In
(c) In
(d) In, but change "particularized" to "generalized"
(e) In
(f) Out
(g) Out
(h) Out (all subdivisions)
(i) Out (all subdivisions)
(j) Out (all subdivisions)
(k) Out (all subdivisions)
(l) Out (all subdivisions)
(m) In
(n) In
(o) (i) In
(ii) In
(iii) In
(iv) Out
(v) Moot
(vi) Moot
(p) Moot
(q) Moot
229. (a) In
(b) In
(c) In, but change "particularized" to "generalized"
(d) In
(e) In
(f) Out (all subdivisions)
(g) Out (all subdivisions)
(h) Out (all subdivisions)
(i) Out
(j) Out
(k) Out (all subdivisions)
Association
II. 17 (a) In
(b) In
(c) Out
(d) Moot
(e) Moot
(f) Out
(g) Moot

II. 18 (a) In, but omit the last two clauses, i. e., "The subject matter, and the method of communication."
(b) Moot
(c) Out
(d) Moot
(e) Moot
II. 20 (a) In, but the last clause is to be stricken, "together with the facts supporting such claim."
(b) Out
(c) In
(d) In
(e) In, but strike the last clause, "the method of communication and the subject matter."
(f) Moot
(g) Moot
(h) Out
(i) Moot
(j) In
(k) In, but strike the last two clauses, "the subject matter, and the means of communication."
(l) Moot
(m) Moot
(n) Out
II. 21 Out
V. 4 (a) In
(b) In
(c) In
(d) In
(e) In
(f) In
(g) Out
(h) Out
(i) Moot
(j) Out
(k) Moot
(l) Moot
V. 8 (a) Out
(b) Moot
(c) Moot
(d) Out
(e) Moot
V. 11 (a) Out
(b) Out

(c) Moot
(d) Moot
(e) Out
(f) Moot

V. 12 (a) In
(b) In
(c) In
(d) In
(e) In
(f) Out
(g) Out
(h) Moot
(i) Out
(j) Moot
(k) Moot

V. 4 (a) Out
(b) In, except omit, "If so, state fully the facts upon which such claim is based."
(c) In
(d) In
(e) In
(f) In
(g) Moot
(h) Moot
(i) Out
(j) Moot

VI. 5 (a) In
(b) In
(c) In, except omit the last phrase "and the substance of such discussion"
(d) Moot
(e) Moot
(f) Out
(g) Moot

VI. 13 (a) Out
(b) Out
(c) In
(d) Moot
(e) In
(f) Moot
(g) Out
(h) Moot

Unique Interrogatory to be ruled on separately

I. 6 Out (all subdivisions)