See also 27 F.R.D. 243.

**UNITED STATES of America,**
**Plaintiff,**

v.

**CARTER PRODUCTS, INC., and American Home Products Corporation,**
**Defendants.**

United States District Court
S. D. New York.
May 10, 1961.

**374**

John J. Galgay, Dept. of Justice, Antitrust Division, New York City, for plaintiff.

Edward J. Ross and Richard K. Hooper, Breed, Abbott & Morgan, New York City, for defendant Carter Products, Inc.

Oliver C. Biddle and Harry H. Voigt, Cravath, Swaine & Moore, New York City, for American Home Products Corp.

PALMIERI, District Judge.

This is a civil antitrust action brought by the United States against Carter Products, Inc. (Carter) and American Home Products Corporation (American) in which defendants are charged with violations of sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2 as a result of their participation in an alleged combination and conspiracy to restrain and monopolize commerce in tranquilizing drugs in which meprobamate compound is a principal active ingredient. Plaintiff has moved for orders sustaining its objections to defendants' interrogatories to the extent that they have not been answered.

During the argument of these motions, the nature of the case, coupled with the zeal of counsel on both sides, made it somewhat difficult to ascertain the precise positions of the parties. After attempting, without success, to encourage the parties to agree upon informal efforts to narrow the area of controversy, I reserved decision and reviewed the transcript and all of the papers submitted at the hearing. My examination of defendants' comprehensive requests and the Government's extensive objections persuades me that the litigants have paid no more than perfunctory attention to the requirement of General Rule 9(f) and that their request for judicial assistance is premature.[1]

■ Because experience indicated that the intended extra-judicial operation of Fed.R.Civ.P. 33, 28 U.S.C.A. had not materialized satisfactorily, see e. g., United States v. Renault, Inc., D.C.S.D.N.Y.1960, 27 F.R.D. 23, and order entered therein

---

1. At the hearing, counsel for American Home Products Corporation stated that he had suggested to Government counsel that "a hearing on these interrogatories is premature because we actually haven't had a full opportunity to explore the possibility of other procedures." (Transcript p. 56). Government counsel agreed that the further efforts suggested by the court might have been appropriate but observed that when detailed interrogatories are served "the position of the parties tends to get a little frozen." (Transcript p. 57). The hearing on these motions was brought on at the Government's insistence notwithstanding a record of numerous postponements, many of which were sought by the Government, and despite the very limited nature of counsel's efforts to advance the course of trial preparation. However, after the presentation to the court, the Government proposed that decision be deferred pending further negotiations among the parties with a view toward stipulating facts. Thereafter, both defendants objected to further conferences in advance of decision on the motions.

upon stipulation of counsel, Civ. 154–164 (S.D.N.Y. Jan. 5, 1961), this court recently adopted as a local rule the requirement that moving counsel confer "with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court." General Rule 9(f). Under this rule the parties are called upon to devote their best efforts to the settlement of objections prior to the presentation of argument to the court so that there will be no unnecessary demands on judicial time and effort. Good faith compliance entails informal meetings among counsel to work out agreements with respect to voluntary withdrawals, redrafts of questions, and other methods of resolving difficulties and making reasonable accommodations without recourse to the court. See Handbook of Recommended Procedures for the Trial of Protracted Cases, 1960, 25 F.R. D. 351, 396; cf. Developments in the Law—Discovery, 74 Harv.L.Rev. 940, 963–65 (1961).

The plaintiff's affidavit of compliance with Rule 9(f) indicates that out of the mass of questions and objections, settlement has been reached only to the extent that counsel for one of the defendants has agreed to withdraw those parts of its interrogatories which call for identification of the specific case law relied upon by the Government to support its contentions. The Government has declined to withdraw its applications for rulings that the unanswered interrogatories be rejected in toto and the defendants have insisted upon retention of questions which, in their present form, could be answered only by expert opinions, minute disclosures of evidentiary details and precise legal arguments which far exceed the scope of reasonable discovery at this early stage in the parties' preparation for trial.

I can only deplore the fact that the present posture of these proceedings com-

pels me to determine the specific issues raised by these motions. I do so because the apparent intransigence of the parties [2] leaves me with no feasible alternative and with the realization that, until counsel agree to explore at pre-trial conferences the opportunities for exchange of factual contentions and delineation of legal issues, no completely satisfactory resolution of the problems of trial preparation can be achieved. United States v. Procter & Gamble Company, D.C.D. N.J.1960, 25 F.R.D. 252; United States v. Maryland & Virginia Milk Producers Ass'n, D.C.D.C.1958, 22 F.R.D. 300; Ferguson, Responsibility of Attorneys for the Conduct of Unsupervised and Voluntary Pre-Trial Conferences, 1958, 23 F.R.D. 353; Roche, Simplification of the Issues by Voluntary Agreements or Stipulations, 1958, 23 F.R.D. 360.

■ To the extent that the Government seeks blanket rejection of all of the unanswered interrogatories, its motions are denied. See United States v. Renault, Inc., supra, 27 F.R.D. at page 26. As to the particular objections, I should make the observation that, for the most part, what is sought in the unanswered questions is not discovery of facts related to the controversy which are unavailable to defendants but the factual contentions and legal theories upon which the plaintiff intends to rely at trial.

American Interrogatories 1(b), 2–5. Carter Interrogatories 65–69.

■ These interrogatories call for detailed information as to the medical uses and physical effects of various drugs. Defendants seek this information for the alleged purpose of obtaining clarification of the Government's position with respect to the relevant market. It is doubtful that the chemical and medical studies and expert opinions upon which answers to these questions must be based are unavailable to the defendants and it is unlikely that such studies and opinions

2. See note 1, supra.

would be of a partisan character. The complaint gives fair notice of the particular area of trade and commerce to which the Government's charges relate, i. e., the manufacture, sale and distribution in the United States of drugs in which meprobamate compound is the sole active ingredient and drugs in which meprobamate compound is one of two or more active ingredients. While an exchange among counsel of information bearing upon the uses and effects of different tranquilizing drugs may well be appropriate, I find no warrant for imposition of a unilateral burden of disclosure in the form and manner sought by defendants. See United States v. 48 Jars, More or Less, D.C.D.C. 1958, 23 F.R.D. 192, 198; 4 Moore, Federal Practice p. 1158 (2d ed. 1950); 74 Harv.L.Rev. 940, 1038 (1961); cf. United States v. Renault, Inc., supra, 27 F.R.D. at page 28. See also Bromley, Judicial Control of Antitrust Cases, 1958, 23 F.R. D. 417, 421. Accordingly, the Government's objections to these interrogatories are sustained. The parties are urged, however, to consider the advisability of exchanging documentary evidence and the names of their respective experts and to make reasonable efforts to stipulate in advance of trial with respect to matters of medical opinion and technical proof. See McGlothlin, Some Practical Problems in Proof of Economic, Scientific and Technical Facts, 1958, 23 F.R.D. 467, 479. This suggestion is made in order to shorten the length of the trial and to lessen so far as possible the burdens of the trial court.

American Interrogatories 6(c), 7(c), 8(c), 9(c), 10(d), 10(f), 11(d), 13(c), and 15(a) (iii).
Carter Interrogatories 70 and 71.

█ In these interrogatories the defendants ask the Government to set forth the specific terms of agreements referred to in the complaint which the Government will claim to be violative of the antitrust laws, and to describe fully each such

term together with the particular legal provision alleged to be violated. Responses will be required as to any term in the writings which the Government classifies as representing on its face, and without reference to other proof, a violation of the antitrust laws. In all other respects the Government's objections are sustained. See United States v. Renault, Inc., supra, 27 F.R.D. at page 29, note 10; United States v. Selby, D.C.N.D.Ohio 1960, 25 F.R.D. 12.

American Interrogatories 12, 13(b) (iv), 14, 15(a) (ii) (4), and 17.
Carter Interrogatories 4–7, 11–13, 15, part of 18, 19, part of 22, 23, 27, part of 28, 29, 33, and 37–40.

These interrogatories call for an outline and categorization of the Government's evidence consisting of the names of individuals involved in the offenses charged, the acts involved, the time and place thereof, the names of other individuals present, and a listing of any documents recording or reflecting such acts. The Government has refused to respond on the ground that the requests extend to every single item of evidence in its case and that in framing answers the Government would be required to truncate its claims by directing its responses to the isolated portions of the complaint specified by the defendants.

█ The Government's objections to the fragmentation of its case have merit. However, while the Government should not be compelled to follow the form dictated by its adversaries, defendants are entitled to much of the basic information sought in these interrogatories. Therefore the Government will be required to furnish answers as indicated below:

With respect to section V of the complaint:

1. Enumerate the transactions and occurrences, whether oral or written, upon which the Government now believes it will rely to sustain the charges of vio-

lations of the Sherman Act made in ¶¶ 18 through 20. (Plaintiff need not isolate the particular allegation or allegations to which the enumerated acts relate.)

2. Identify the names and addresses of individuals representing defendants as well as any outsiders now known by plaintiff to have personal knowledge of each of the transactions and occurrences specified in answer to item 1.

3. Identify and indicate the present location of the documents upon which the Government now expects to rely as proof of the transactions and occurrences specified in response to item 1.

See United States v. Procter & Gamble Co., supra, 25 F.R.D. at page 254; United States v. Shubert, D.C.S.D.N.Y.1951, 11 F.R.D. 528. To the extent that plaintiff has already furnished the information to which these items relate, an answer will be deemed sufficient if it incorporates by reference a relevant prior answer.

### Carter Interrogatories 46–58 and 60–62.

Each of these interrogatories sets forth a contention and asks whether it is one which the Government expects to make. The set represents an improper attempt to impede the Government's flexibility in framing for itself the eventual contentions and legal theories which it will present for trial. I therefore rule that, at this stage of preparatory efforts, plaintiff need not respond. If Carter wishes to separate contentions as to which there is no controversy from those which are disputed, it has recourse to Fed.R.Civ.P. 36, to requests for stipulations and to requests for an exchange of written statements of each party's theories of the case. See United States v. Procter & Gamble Co., supra; Central Hide & Rendering Co. v. B-M-K Corp., D.C.D.Del.1956, 19 F.R.D. 294.

An appropriate order may be submitted on notice.