Eugene Bertram **BERKLEY** and Walter Hiersteiner and Jean Hiersteiner, Plaintiffs,

v.

The **NEWMAN REALTY COMPANY**, a corporation, the Newman Mercantile Company, a corporation, Sol Newman, Jr., Mark J. Ettinger, Joseph Newman, II, Ed Falk, William S. Schwab, Jr., and Herbert Van Fleet.

Civ. A. No. 1785.

United States District Court
W. D. Missouri,
Southwestern Division.

Oct. 24, 1963.

Stinson, Mag, Thompson, McEvers & Fizzell, by John C. Noonan, Kansas City, Mo., Roberts & Fleischaker, Joplin, Mo., for plaintiffs.

Seiler, Blanchard & Van Fleet, by Robert E. Seiler, Joplin, Mo., for defendants.

BECKER, District Judge.

This is an unusually complicated derivative suit by stockholders charging various allegedly fraudulent acts by the allegedly controlling stockholders and officers of the defendant corporations. Defendants have moved for an order compelling sufficient answers to written interrogatories or striking all or part of the complaint or to dismiss.

The defendants have filed three detailed sets of interrogatories to the separate plaintiffs seeking to compel plaintiffs at an early stage before depositions on oral examination are taken to state in detail the evidence, ultimate facts and legal contentions involved. For instance, in the case of plaintiff Jean Hiersteiner there are 96 numbered interrogatories, some with as many as three subparagraphs, constituting additional interrogatories, seeking such information.

The information sought is generally of a nature which the defendant is entitled to discover at "some reasonable time before trial" under the better and liberal view of the use of interrogatories or alternate pretrial procedures. 4 Moore's Federal Practice ¶ 33.03, 33.17; United States v. Renault (S.D.N.Y.) 27 F.R.D. 23.

However, on the issue of timeliness of requiring full, precise and detailed answers to these searching interrogatories, it should be noted that (1) plaintiffs have not had an opportunity for discovery by depositions on oral examination and other methods, and cannot be required fully to state their case in detail until such opportunity has been afforded. Poller v. Columbia Broadcasting System, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458; (2) this protracted case cannot be tried on interrogatories alone; (3) while liberality in the use of interrogatories should be the rule, interrogatories should "not be used as a device or a stratagem to maneuver the adverse party into an unfavorable tactical position." Aktiebolaget Vargos v. Clark (D.C.D.C.) 8 F.R.D. 635.

The plaintiffs have filed answers to which defendants object for lack of particularization, insufficiency, and generality of conclusions and contentions, among other things.

Because of these objections, defendants have moved to compel sufficient answers or to strike or to dismiss. Further, the defendants do not wish to submit to oral examination at depositions until disposition of this motion and other motions.

It is concluded that defendants' motion should be denied without prejudice to its renewal on leave of Court at a time when the plaintiffs have had an opportunity to complete discovery. The parties will be given a full opportunity to complete discovery before either is required to state its case in detail.

Defendants have also moved for dismissal for failure to join an indispensable party, whose presence will destroy diversity, to dismiss or to strike subparagraph c of the prayer seeking relief concerning a lease with Newman Mercantile Company of Pittsburg, Kansas, which is not a party to this suit. It does not clearly appear that said company is an indispensable party. Therefore these motions are also denied without prejudice to their renewal with leave of

Court, when the facts are more fully developed. It is therefore

ORDERED that the following motions of defendants be, and they are hereby denied without prejudice to renewal later with leave of Court:

1.  Defendants' Motion to Dismiss and in the Alternative to Strike, filed April 30, 1963 (on which arguments were orally heard).

2.  Defendants' Motion under Rule 37 to Compel Sufficient Answers or in the Alternative to Strike All or Part of the Complaint, or to Dismiss the Action or to Enter Judgment by Default Against Plaintiffs (submitted at pre-trial conference, September 30, 1963, and by letter of October 1, 1963).